[Civ. No. 25082.   Second Dist., Div. Three.   Nov. 7, 1961.]

SIDNEY LUSHING et al., Respondents, v. THE RIVIERA ESTATES ASSOCIATION (a Corporation), Appellant.

Dryden, Harrington, Horgan & Swartz, Jacob Swartz and Robert A. Klein for Appellant.

Hurley R. Talpis for Respondents.

SHINN, P. J.— The judgment from which defendant appeals declares that plaintiffs may construct a dwelling house on a parcel of land in "The Riviera," a residential tract lying northeasterly of Santa Monica. The subdivision consists of 79 lots and is highly restricted by declaration duly recorded in 1924, when the property was placed upon the market. Defendant has authority, under the restrictions, to approve or disapprove plans and specifications of a proposed building or other structure on a "building site." Plaintiffs submitted plans and specifications of a dwelling which defendant refused to pass upon or consider, basing its refusal upon an interpretation of the restrictions which would forbid the construction of any building upon plaintiffs' land. This interpretation was rejected by the court.

Plaintiffs' parcel is a part of Lot 59 which was purchased from a Mr. De Witt for $25,000. It has a frontage on Sorrento Place of 132.41 feet, a depth on the northeasterly side of 75.05 feet and upon the southwesterly side of 116.14 feet.

In rejecting plaintiffs' request for approval of their plans defendant answered in writing that the "proposed division of Lot 59 is not specifically authorized by the deed restrictions and is in violation of the spirit and intent of the deed re-

strictions.'' What defendant had decided, and was attempting to say, was that plaintiffs' lot was not a ''building site'' within the purview of the restrictions. A mere reading of the restrictions reveals the error of this interpretation.

Pertinent provisions of the restrictions are the following: Plans and specifications, and when requested, grading plans, must be submitted to and have approval of defendant. "CLAUSE No. 8—FREE SPACES. No more than one dwelling-house shall be built upon any one building site without the written permission of The Riviera Corporation or, with its authority, The Riviera Estates Association. The building site shall be either a lot as shown on said map, or a parcel composed as follows: (a) of a portion of any lot, other than a corner lot, provided that such parcel shall have a frontage of not less than one hundred (100) feet; or (b) of portions of any two or more contiguous lots other than corner lots, provided that such parcel shall have a frontage of not less than one hundred (100) feet; or (c) of any two or more contiguous lots, or of any lot or contiguous lots and a portion of, or portions of, any lot or lots other than a corner lot and contiguous to said lot or lots.''

Defendant has authority with respect to the determination of lot lines in certain situations, the maintenance of free spaces between buildings, and the width and setback of buildings to be erected, but the present controversy is not concerned with that authority.

Simply stated, defendant's contention is that there is already one large house on Lot 59, a second one could not be built without the consent of defendant, and that to permit the creation of another building site by transfer of a part of the lot to a third person ''would defeat the orderly and planned residential development of The Riviera Tract,'' etc. But the plan of development of the tract is found in the restrictions, and nowhere else, since, except as their lot is restricted, by contract or law, plaintiffs may improve it as they choose.

The court found that Lot 59, exclusive of plaintiffs' portion of it, has a frontage of more than 100 feet on Sorrento Place. It was decreed that plaintiffs' parcel is a building site within the meaning of the restrictions and that plaintiffs have a right to erect a dwelling house thereon, subject only to approval of plans and specifications reasonably required under the restrictions. Upon the established facts the judgment correctly declared plaintiffs' rights.

Defendant cites *Hannula* v. *Hacienda Homes, Inc.*, 34 Cal.2d 442 [211 P.2d 302, 19 A.L.R.2d 1268], as supporting its position. In an action for declaratory relief it was held that the defendant had the power under the restrictions to determine not only whether a proposed building would be suitable but also whether the site, itself, would conform to the restrictions. *Weston* v. *Foreman*, 108 Cal.App.2d 686 [239 P.2d 513], also cited by defendant, held only that the life of a committee having the power to pass upon building plans and specifications had not expired and that the committee was still empowered to act.

We assume these cases are cited for the proposition that restrictions should be construed so as to give effect to the intentions of the parties as expressed in the writing. Statements to that effect are found in the opinions.

Here, the restrictions, themselves, give the definition of a building site. Defendant cannot add to that definition a requirement with respect to square foot area or the depth of the site.

A final contention of defendant is that all the lot owners in "The Riviera" are indispensable or conditionally necessary parties to the action. The court found that all necessary parties were before the court. In reaching this conclusion the court did not err.

Section 389, Code of Civil Procedure, as interpreted in *Bank of California* v. *Superior Court*, 16 Cal.2d 516 [106 P.2d 879], states the rules that prevail. If the court can determine a controversy between parties before it without prejudice to the rights of others or by saving their rights it may do so. If a complete determination of the controversy cannot be had without the presence of other parties the court must then order them to be brought in. We fail to discover any necessity for joining the other lot owners.

The pertinent provisions of the restriction in question are clearly expressed; the powers of defendant are sharply defined; there is no need for interpretation, and none has been attempted.

The restrictions provide "All of the conditions, covenants and charges set forth in this Declaration which affect all of said property, are made for the direct benefit thereof, and run with the land. . . ." They are enforcible at the insistence of any lot owner. The interest of the lot owners is to have the restrictions complied with in all respects. That is the purpose and the sole purpose of the present action,

There is no room for dispute as to what constitutes a building site, nor as to the duty of defendant to abide by the definition in paragraph 8 of the restrictions.

It is vital to the rights of all the lot owners that defendant not be allowed to override the restriction in question, as it has attempted to do.

It may be that the construction of a building on plaintiffs' lot would meet with the displeasure of the neighbors and other lot owners, but that would not make them adversary parties. They would not be necessary parties unless their rights would be prejudiced, although their feelings might be hurt. They have a right to create additional building sites on their properties, as particularized in the restrictions. That right would be taken from them if defendant were permitted to substitute its own unregulated judgment of what constitutes a building site for the definition contained in the restrictions.

If the purpose of the action had been to accomplish construction of a building on a site that would be violative of the restrictions, and prejudicial to the rights of other lot owners, the latter would have been necessary parties, but since the interests of plaintiffs and the other lot owners, with respect to the proper performance of its duties by defendant are identical, in that there must be no disregard of or material deviation from the clearly expressed restrictions, the court properly held that all necessary parties were before it. The judgment protects, rather than impairs, the rights of all the owners.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.