**Frank M. DE FINO, Plaintiff, Appellant,**

v.

**Raymond M. FITZPATRICK et al., Defendants, Appellees.**

**No. 6407.**

United States Court of Appeals
First Circuit.

Heard Dec. 7, 1964.

Decided March 8, 1965.

Frank M. De Fino, pro se.

Stanislaw R. J. Suchecki, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellees.

Before WOODBURY, Chief Judge, ALDRICH, Circuit Judge, and CAFFREY, District Judge.

WOODBURY, Senior Circuit Judge (by designation).

After 15 years' service as a classified civilian employee of the United States Air Force with Veterans' Preference, the plaintiff-appellant was discharged on June 28, 1957, for cause, specifically for failure to carry out instructions and insubordination. He has tried ever since to recover his job.

First he brought a suit in the United States District Court for the District of Massachusetts which that Court dismissed on April 28, 1958, on motion of the defendants. His appeal to this court was dismissed on September 10, 1958, on plaintiff-appellant's motion for leave to withdraw appeal. Next he appealed to

the Civil Service Commission under § 14 of the Veterans' Preference Act of 1944, 58 Stat. 390, as amended, 5 U.S.C. § 863. This failed and so also did his appeal to the Commission's Board of Appeals. His resort to the United States courts for the District of Columbia was unsuccessful. De Fino v. McNamara, 109 U.S. App.D.C. 300, 287 F.2d 339 (1961), cert. denied, 366 U.S. 976, 81 S.Ct. 1947, 6 L. Ed.2d 1265 (1961), rehearing denied, 368 U.S. 872, 82 S.Ct. 66, 7 L.Ed.2d 74 (1961).

De Fino brought suit for back pay in the Court of Claims where he again suffered dismissal on motion, and again certiorari was denied, 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57 (1963). Undaunted, De Fino then brought the present suit for a declaratory judgment from the summary dismissal of which in the court below he has taken this appeal.

Now De Fino contends that he was discharged as the consequence of a deep-dyed conspiracy whereas he should have been laid off because of a reduction in force. He says that a reduction in force was ordered by higher authority on January 25, 1957, as a result of which his position would be abolished, that knowledge of his impending lay-off was wrongfully withheld from him and instead of being laid off he was discharged for a trumped up cause on June 28, 1957, and thereby deprived of valuable rights as a veteran. The only support upon which he relies for his thesis is an affidavit of the Civilian Personnel Officer of the Air Force installation where he worked until discharged. This affidavit shows that a reduction in force affecting the installation was indeed ordered on January 25, 1957, and that pursuant to that reduction in force the appellant's position would be abolished. But the affidavit also shows that the reduction in force was to be carried out in two installments, the first from March 1, 1957, to June 30, 1957, and the second from July 1, 1957, to June 30, 1958, and that De Fino's position was to be abolished during the second period, specifically "approximately in the latter part of September, 1957." Thus De

Fino's discharge for cause antedated the time when he would have been laid off by approximately three months, and the propriety of his discharge has been thoroughly established in prior litigation.

Neither the facts nor the law supports De Fino's position.

Judgment will be entered affirming the judgment of the District Court.