FRANK M. DeFINO *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.

Middlesex.    March 8, 1966. — April 11, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Employment Security,* Procedure: parties, review by District Court; Federal employee.

Review of arrangements between the Federal government and a State under 42 U. S. C. §§ 1361–1369 (1964), with respect to unemployment compensation for Federal employees. [583–584]

G. L. c. 151A, § 42, providing for judicial review of decisions of the board of review in the division of employment security, must be read with the provisions of c. 30A, the State Administrative Procedure Act. [585]

The United States, by virtue of arrangements under 42 U. S. C. §§ 1361–1369 (1964), was in substance a principal party in interest before the board of review in the division of employment security with respect to a claim of a Federal employee for unemployment benefits under G. L. c. 151A, which was denied by the board under § 25 (e) (2) after it had considered the Federal employing agency's findings and concluded that there had been "deliberate misconduct in wilful disregard of the employing agency's interest" on the part of the employee; and a proceeding in a

DeFino *v.* Director of the Division of Employment Security.

District Court by the employee under § 42 for review of the decision of the board was rightly dismissed for failure to make the United States a party to the review proceeding. [585–586]

PETITION filed in the District Court of Lowell on June 1, 1964, for review of a decision by the board of review in the division of employment security.

A motion to amend the petition was denied, an answer in abatement sustained, and the petition dismissed, by *Constantino,* J. The petitioner appealed.

*Frank M. DeFino,* pro se.

*Joseph S. Ayoub,* Assistant Attorney General (*Carmen L. Durso,* Assistant Attorney General, & *Sidney J. Bloom* with him), for the Director of the Division of Employment Security.

CUTTER, J. DeFino, formerly an employee at the Air Force research center in Cambridge, was separated from that employment as of June 28, 1957. He filed a claim for unemployment benefits. On May 13, 1964, the board of review (the board) of the division of employment security (the division) sustained a decision of a review examiner denying benefits to DeFino, pursuant to G. L. c. 151A, § 25 (e) (2), as amended through St. 1956, c. 719, § 4 (since amended by St. 1958, c. 677, in respects not here material). In effect, his discharge was treated as attributable "solely to deliberate misconduct in wilful disregard of the employing unit's interest." Prior to May 13, 1964, DeFino had been afforded opportunity "to appeal his discharge from the [F]ederal service through channels."[1]

---

[1] In its decision the board of review said that DeFino "appealed his discharge as a [F]ederal employee to the regional office of the civil service commission of the United States and the . . . civil service commission . . . and various [F]ederal courts. The Supreme Court of the United States denied the claimant's final petition for writ of certiorari [*DeFino* v. *United States,* 375 U. S. 824; see *S. C.* 160 Ct. Cl. 768] on October 14, 1963. Neither the . . . [c]ommission nor the various [F]ederal courts upset the original findings of the . . . employing agency. Subsequent to the denial of . . . certiorari . . . the claimant reopened his appeal for unemployment compensation before this [b]oard." DeFino has engaged in prolonged litigation concerning this matter. See *DeFino* v. *Fitzpatrick,* 342 F. 2d 769 (1st Cir.), which summarizes the earlier litigation. See also 287 F. 2d 339 (Ct. App. D. C.), cert. den. 366 U. S. 976, rehearing den. 368 U. S. 872.

The action of the board was taken under an arrangement by which, in unemployment claims by Federal employees, the division acts as agent for the Federal government. See 42 U. S. C. §§ 1361–1369 (1964).[2]  See regulations made pursuant to § 1369, in 20 C. F. R. parts 609–610, and discussion of the Federal statutes in *Neumeyer Unemployment Compensation Case,* 187 Pa. Super. 321, 325–330.  See also *Saulls* v. *Employment Sec. Agency,* 85 Idaho, 212, 217–220; *Johnson Unemployment Compensation Case,* 199 Pa. Super. 194, 196–197; *Zook Unemployment Compensation Case,* 200 Pa. Super. 414, 416.

The Federal statutes authorize agreement in behalf of the United States with a State, or with the agency administering the unemployment compensation law of a State, by which that agency undertakes to make, as agent of the United States, payments of unemployment compensation to Federal employees "in the same amount, on the same terms, and subject to the same conditions as the compensation which would be payable . . . under the unemployment law of the State," if the Federal service and wages of such employees had been included as employment and wages under that State law.  See § 1362 (a), (b) (1).  Such an agreement, made in 1954, is in effect between the Massachusetts division of employment security and the Secretary of Labor.

Section 1367 requires the Federal employing agency to make available to the State agency certain information concerning the Federal service and Federal wages of an employee seeking benefits, including findings concerning whether and when the employee has performed Federal service, the remuneration for such service, and "the reasons for [its] termination."  Such findings are to be conclusive upon the State agency.  The *Neumeyer* case so treated the Federal findings then before the Pennsylvania court.  Upon such findings certified by the Federal employing agency, which the State agency must accept, the State

---

[2] Minor amendments of these sections over the years need not be mentioned in detail.  They do not affect the present issues.

agency is to determine (see 187 Pa. Super. 321, 329) whether the claimant is entitled to benefits under the State law. By § 1362 (c) a State agency's determination is to "be subject to review in the same manner and to the same extent as determinations under the State unemployment compensation law, and only in such manner and to such extent."

In the present case, the Federal employing agency furnished the findings concerning DeFino set out in the margin.[3] Upon these findings, the board concluded that DeFino's "failure to carry out instructions promptly, insubordination, and violations of administrative instructions constitutes [*sic*] deliberate misconduct in wilful disregard of the employing agency's interest" under § 25 (e) of the Massachusetts statute.

DeFino then by petition to the District Court of Lowell sought judicial review. He did not name either the Federal employing unit or the United States as a party to the review proceeding. No service of any kind was made upon any Federal agency.

The director filed an answer in abatement alleging DeFino's failure to name the employing unit as a party. The District Court judge sustained the answer in abatement, dismissed the petition, and denied a motion by DeFino to amend his petition to join as a party the personnel officer of the Air Force research center where he had been employed.

---

[3] These read, "DeFino was removed from his position . . . on 28 June 1957 for the following reasons: Failure to carry out instructions promptly: Failure . . . on 8/31/56, 11/26/56, and 1/17/57, to carry out promptly verbal orders issued. This involved, (1) [f]ailure to perform a weekly inspection on time, (2) [f]ailure to perform mechanical duties . . . as well as failing to acquire transportation for the movement of a battery, and (3) failing to clean a Lincoln welder within a reasonable time. Insubordination: For insubordination on 2/27/57. This involved, (1) refusal to accept mechanic tools issued . . . (2) refusal to report to the [b]ase dispensary to a physical examination. Violation of administrative instructions: After repeated warnings not to violate the normal chain of command, and after having been thoroughly informed concerning the procedural aspects involved in the filing of a grievance, you [DeFino] called the office of the Center Commander requesting an appointment on two separate occasions. . . . DeFino appealed his removal to the First Regional Director, First U. S. Civil Service Region . . . . The removal action affected by this was upheld by the civil service commission."

General Laws c. 151A, § 42 (as amended through St. 1954, c. 681, § 12), provides for judicial review of decisions of the board. Pertinent portions of the section are set out in the margin.[4]

Section 42 must be read, of course, with the provisions of G. L. c. 30A, the State Administrative Procedure Act, which also governs judicial review of decisions of the board in what was plainly an adjudicatory proceeding. See c. 30A, § 1 (1). Chapter 30A, § 1 (3) defines the word "[p]arty" in respect of an adjudicatory proceeding as including "the specifically named persons whose legal rights, duties or privileges are being determined in the proceeding." Although the United States and the Air Force research center were not named as parties in DeFino's petition for review, the rights of the United States obviously had been in issue before the board and had been determined by it. If the board had awarded compensation to DeFino, the United States (see 42 U. S. C. § 1366 [1964]) would have been bound to pay to the State "an amount equal to the additional cost to the State . . . which would not have been incurred by the State but for the agreement" in respect of this and other cases involving Federal employees. Accordingly, we think that the United States (in view of its consent to the proceedings before the division, given by the Federal statutes already mentioned and by the Secretary of Labor's agreement) was in substance a principal party in interest before the board and entitled to be named in, and given statutory notice of, the petition under § 42. This

---

[4] Section 42 reads in part: — "The director or any interested person aggrieved by any decision . . . [of] the board of review may obtain judicial review . . . by filing . . . a petition . . . in the district court . . . and . . . every other party to the proceeding before the board shall be made a party respondent. . . . The director shall be deemed to be a party . . . . Upon the filing of a petition . . . by an aggrieved party other than the director, the clerk of the district court . . . shall issue an order of notice. Said order of notice and a copy of the petition shall be served by the petitioner upon the director by registered mail . . . . At the time of service on the director there shall be delivered to him as many copies of the order of notice and the petition as there are parties respondent. . . . Upon . . . the service of a petition on him, the director shall forthwith send by registered mail to each other party to the proceeding a copy of such notice and petition . . . . The findings and decisions of the board shall be reviewed in accordance with the standards . . . provided in" G. L. c. 30A, § 14 (8).

circumstance seems to us decisive of the case. The District Court judge did not err in sustaining the answer in abatement.[5]

Even if the District Court judge had possessed any discretion (see *Kravitz* v. *Director of Div. of Employment Sec.* 326 Mass. 419, 421-423) to permit DeFino to amend his petition to name the Federal employing agency as a party, there was no abuse of discretion. The petition in effect sought to retry the issues of fact underlying the conclusive Federal findings. Amendment would merely have prolonged review proceedings, improperly commenced, in which the petition asserted no substantial basis for reversal of the board.

*Order sustaining answer in abatement*
*and dismissing petition affirmed.*

---

[5] A further ground for dismissal appears in the District Court judge's report. The return made by DeFino upon the District Court's order of notice showed service only upon the director and the members of the board, and no service of any kind upon the Air Force research center. DeFino, under c. 151A, § 42, was bound to furnish to the director copies of the petition for service by the director (and not by DeFino) upon all other parties. See *Kravitz* v. *Director of Div. of Employment Sec.* 326 Mass. 419, 421-423; *Estey* v. *Director of Div. of Employment Sec.* 338 Mass. 797, 798.