Strafford,
No. 5483.

WILLIAM CONSTANTOPOULOS

*v.*

NEW HAMPSHIRE DEPARTMENT OF EMPLOYMENT SECURITY & a.

Argued September 7, 1966.
Decided October 31, 1966.

*James Koromilas* ( by brief and orally ), for the plaintiff.

*Edward F. Smith* and *James M. Riley, Jr.* ( *Mr. Smith* orally ), for the defendant Department of Employment Security.

*John W. Douglas*, Assistant Attorney General of the United States, *Louis M. Janelle*, United States Attorney for New Hampshire, *Morton Hollander* and *Edward Berlin* ( of Washington, D.C. ) ( *Mr. Hollander* orally ), for the United States.

LAMPRON, J. Plaintiff being an employee of the United States became entitled to benefits under RSA ch. 282 solely by virtue of an agreement entered into, under authority of Title XV of the Social Security Act ( 42 U.S.C., *ss*. 1361-1369 ), between the Secretary of Labor of the United States and the New Hampshire Department of Employment Security ( referred to therein as the Agency ).

This agreement provides in parts as follows:

" I. The Agency will act as agent of the United States for the purpose of making payments of compensation under title XV . . .

" II. The Agency will pay compensation under title XV, to individuals entitled thereto in the same amounts, on the same terms, and subject to the same conditions as compensation would

be payable to such individuals under the State unemployment compensation law if such individuals' Federal service and Federal wages had been included as employment and wages under such law . . . [42 U.S.C. *s.* 1362 ( b )]

" The Agency will determine entitlement to compensation under Title XV and such determination will be subject to review in the same manner and to the same extent as determinations under the State unemployment compensation law [42 U.S.C. *s.* 1362 ( c )], except that the following findings made by the Federal agencies in accordance with regulations prescribed by the Secretary shall be final and conclusive for the purpose of section [1362 ( c )] . . .: ( d )" the reasons for termination of such service.

" IV. The Agency in the exercise of the authority and functions herein provided, will abide by and conform to the provisions of Title XV and the rules and regulations adopted thereunder. " 42 U.S.C., *s.* 1369.

Among the regulations adopted under the above provisions is one which provides that any determination of a claimant's right to compensation by a State agency is " except for the findings of the Federal agency, subject to review in the same manner and to the same extent as other determinations of entitlement under the State unemployment compensation law. " 20 C. F. R. *s.* 609 3 ( e ).

In the present case the federal employing agency, the Portsmouth Naval Shipyard, made the following findings relative to " the reasons for termination " of plaintiff's service.

" Retirement — Disability. Voluntary. Physically unable to perform the duties of his rating because of chronic back condition. No position offered, and no position available for which physically qualified.

" Action to apply for disability retirement was initiated by Mr. Constantopoulos, and there is no evidence that his disability resulted from either a Shipyard accident or work that he performed in the Shipyard. I have checked his personnel folder and also files of Safety Division, and there was no report of injury submitted by Mr. Constantopoulos on or about 2 October 1963. "

Plaintiff had filed a claim for unemployment compensation with the State agency on October 4, 1963: This claim was allowed on January 23, 1964 with benefits commencing the week ending October 20, 1963. On February 3, 1964 the agency received the

above information from the Naval Shipyard concerning plaintiff's leaving. On February 7, 1964 a certifying officer's redetermination of the case resulted in a reversal of the prior allowance of benefits on the ground that "you voluntarily left your employment on October 3, 1963 for the reason which is not attributable to your employer." RSA 282:4 A; Reg. No. 21. This decision was upheld by an appeal tribunal and a request that the tribunal's decision be reopened was denied by the Commissioner. Plaintiff's appeal from this denial was heard by the Superior Court under RSA 282:5 G (4) and dismissed. Plaintiff's exception thereto is the issue now being considered.

Under the agreement between the Secretary of Labor and the State Department of Employment Security and under the law authorizing it (42 U.S.C., ss. 1361-1369), which are the bases of plaintiff's rights, the findings of the Naval Shipyard as to the reasons for his termination of service are final and conclusive and binding on him and the State agency. *Saulls* v. *Employment Security Agency*, 377 P. 2d 789, 793 (Idaho 1963); *Zook Unemployment Compensation Case*, 200 Pa. Super. 414; 20 C.F.R. *s.* 609.3(e). In other words for the purposes of his claim plaintiff voluntarily terminated his employment by a voluntary request for disability retirement and his disability was not the result of either a "Shipyard accident or work that he performed in the Shipyard."

The issue to be determined by the agency was whether under those circumstances the plaintiff was entitled to compensation under the provisions of RSA 282:4 A and department Regulation No. 21. *Saulls* v. *Employment Security Agency*, 377 P. 2d 789, 793 (Idaho 1963). The former provides that an individual is disqualified for benefits (RSA 282:4) "A. [For the period of unemployment next ensuing after an individual has] left his work voluntarily without good cause in accordance with the rules and regulations of the commissioner." The latter provides that "An individual shall be considered to have left his work voluntarily without good cause if of his own choice or volition he terminates the employee-employer relationship for a reason which is not attributable to the employer." Reg. No. 21.

The issue before the Superior Court on plaintiff's appeal was whether the action of the Commissioner in denying plaintiff's request to reopen the decision of the appeal board which upheld

the denial of unemployment benefits to him "was the result of arbitrary, unreasonable or capricious action, or contrary to law." RSA 282:5G ( 4 ). We are of the opinion that on the binding facts of this case plaintiff's leaving constituted a "Voluntary Quit without Good Cause" within the provisions of RSA 282:4A and Regulation No. 21 and that the Trial Court properly dismissed his appeal. *Kurowski* v. *New Hampshire Dept. of Employment Security*, 107 N. H. 177; *Howley* v. *State*, 107 N. H. 180.

We now consider the motion of the United States, transferred without ruling, that the Portsmouth Naval Shipyard, a facility of the United States Navy, be dismissed as a party to plaintiff's appeal because the "United States Congress has not waived sovereign immunity with respect to said Portsmouth Naval Shipyard."

It is well established law that the United States as sovereign is immune from suit save as it consents to be sued. *United States* v. *Sherwood*, 312 U. S. 584, 586; *United States* v. *Preston*, 352 F. 2d 352, 356 ( 9th Cir. 1965 ). However Congress may create rights in individuals against the United States either administrative, judicial, or both. *Nash Miami Motors Inc.* v. *C. I. R.*, 358 F. 2d 636 ( 5th Cir. 1966 ).

Under the terms of the agreement between the Secretary of Labor and the State agency, the latter "will determine entitlement to compensation under title XV and such determination will be subject to review in the same manner and to the same extent as determinations under the State unemployment compensation law."

The law enacted by Congress authorizing agreements under which a State agency "will make, as agent of the United States, payments of compensation . . . to Federal employees" ( 42 U.S.C. s. 1362 ) specifically provides as follows:

"Any determination by a State agency with respect to entitlement to compensation pursuant to an agreement under this section shall be subject to review in the same manner and to the same extent as determinations under the State unemployment compensation law, and only in such manner and to such extent." 42 U.S.C., s. 1362 ( c ).

"The Secretary [of Labor] is authorized to make such rules and regulations as may be necessary to carry out the provisions of this subchapter." 42 U.S.C., s. 1369.

The Code of Federal Regulations contains the following "Regulations to Implement the Unemployment Compensation for Federal

Civilian Employees Program under Title XV of the Social Security Act ":

" 609.3 ( e ). A claimant's right to compensation under title XV will be determined . . . by the State agency under the applicable provisions of the State unemployment compensation law. Any such determination by a State agency is . . . subject to review in the same manner and to the same extent as other determinations of entitlement under the State unemployment compensation law. " ( See also, C.F.R. s. 610.7 ( a ).

" 609.8. Appeal by Federal Agency. If the terminating Federal agency believes that a State agency's determination awarding or denying unemployment compensation to a claimant under title XV is incorrect, it may . . . appeal from such determination in the same manner and to the same extent as other employers may appeal under the State unemployment compensation law. "

RSA 282:5 C ( 1 ) provides for appeals from a certifying officer's determination to an appeal tribunal appointed by the Commissioner. The Commissioner on request of an interested party, or on his own initiative, may on certain conditions reopen a decision which has been rendered. RSA 282:5 E. Any interested party aggrieved by any decision of an appeal tribunal may appeal therefrom to the Superior Court and to this court. RSA 282:5 G. "Interested party shall be the claimant, his last employing unit or employer, any employer whose account was or may become charged with benefits. " RSA 282:5 B ( 1 ) ( c ). When an aggrieved interested party appeals to the Superior Court, the clerk of that court "shall issue a citation to all interested parties. " RSA 282:5 G ( 3 ), ( 4 ).

" Each State shall be entitled to be paid by the United States an amount equal to the additional cost to the State of payments of compensation made under and in accordance with an agreement. " 42 U.S.C., s. 1366 ( a ). The United States is therefore vitally interested in any award of unemployment benefit to a federal employee and it and its agency, the Portsmouth Naval Shipyard, the employing unit, is an interested party to any appeal by the plaintiff. Any judgment in favor of the plaintiff "will ultimately expend itself on the public treasury. " *Commonwealth of Massachusetts* v. *Connor*, 248 F. Supp. 656, 660 ( D. Mass. 1966 ). Consequently the rights of the United States are obviously in issue in this case. *Dugan* v. *Rank*, 372 U. S. 609, 620. The United States as a real party in interest ( *Estrada* v. *Ahrens*,

296 F. 2d 690, 698 ( 5th Cir. 1961 ) is therefore a necessary and indispensable party to this appeal. *Jones* v. *Herbert,* 77 N. H. 282, 284; *De Fino* v. *Director of Division of Employment Sec.,* 215 N. E. 2d 757 ( Mass. 1966 ).

It follows, therefore, that if the United States cannot be joined as a party to this proceeding, neither the Superior Court nor this court could render a judgment which would bind it or its agency, the employer of plaintiff, and the review procedure provided by the State would be ineffective and nugatory. However Congress has expressly stated that "Any determination by a State agency with respect to entitlement to compensation . . . shall be subject to review in the same manner and to the same extent as determinations under the State unemployment compensation law." 42 U. S. C., *s.* 1362 ( c ): 20 C. F. R. *s.* 609:3 ( e ). The United States has also expressly reserved its right "to appeal from [ any determination of the agency ] in the same manner and to the same extent as other employers may appeal under the State unemployment compensation law." 20 C. F. R. *s.* 609.8.

We hold that Congress has thus expressed a clear intent to subject the United States to the appeal procedures and requirements of the State unemployment compensation law. In doing so it has necessarily waived the sovereign immunity of the United States to the extent necessary to make "any determination by a State agency . . . subject to review in the same manner and to the same extent as determinations under the State unemployment compensation law." 42 U. S. C., *s.* 1362 ( c ). To effectuate this clearly expressed intent the United States as the employer "whose account was or may become charged with benefits paid" ( RSA 282:5B1 ( c )) is a necessary and indispensable party to these proceedings and must have been so intended to be by Congress. The motion of the United States that the Portsmouth Naval Shipyard be dismissed as a party is denied. See *Minnesota* v. *United States,* 305 U. S. 382, 388; Cf. *Barefield* v. *Byrd,* 320 F. 2d 455, 457 ( 5th Cir. 1963 ).

> *Plaintiff's exceptions overruled.*
> *Motion of the United States*
> *to dismiss denied.*

All concurred.