[Civ. No. 34874. First Dist., Div. Four. Apr. 16, 1975.]

ROBERT A. CONRAD, Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD, Defendant
and Respondent.

## COUNSEL

Stark, Stewart, Simon & Sparrowe, Robert C. Lane and Kandis Scott for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, and Sheridan H. Brown, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**CHRISTIAN, J.**—Robert Conrad, formerly an employee of the United States Department of Health Education and Welfare, presented to the California Department of Human Resources Development (hereinafter "the Department") a claim for unemployment insurance benefits. His application was denied, and Conrad petitioned for administrative review before the Unemployment Insurance Appeals Board (hereinafter the

"Appeals Board"); the denial of benefits was upheld by the referee (see Unemp. Ins. Code, § 1334) and affirmed by the Board (Unemp. Ins. Code, § 1336). Conrad then sought a writ of mandate from the superior court under Code of Civil Procedure section 1094.5 directing the Board to vacate its decision and take further proceedings. The Appeals Board demurred on the ground that an indispensable party, Conrad's federal employer, had not been joined as a defendant. The trial court sustained the demurrer on that ground and rendered judgment in favor of the Appeals Board;[1] the present appeal ensued.

Appellant had been employed as a probationary claims examiner for the Social Security Administration (hereinafter the "SSA") of the United States Department of Health Education and Welfare (hereinafter "HEW") for approximately six months. He resigned on January 29, 1971, informing SSA that he had done so because he desired to return to teaching. This information was duly recorded in appellant's personnel record. Shortly thereafter, appellant filed with the Department a claim for unemployment insurance benefits. The Department found, contrary to the reason which appellant had given to SSA, that appellant had left his employment due to ill health. Benefits were denied, however, on the ground that appellant had failed to ask SSA for a leave of absence. In the administrative appeal, the referee disagreed with the Department's grounds for disqualifying appellant from unemployment benefits. He ruled instead that SSA's record of appellant's stated reason for resigning constituted a federal finding which was binding on the state. Nonetheless, the Department's denial of benefits was upheld on the ground that to leave one's employment for the purpose of returning to teaching was a voluntary resignation without good cause (Unemp. Ins. Code, § 1256). The Appeals Board affirmed the referee's decision in all respects.

Several months later, appellant was notified by SSA that his original explanation for his resignation had been corrected to show that he had left work due to severe mental illness. Appellant alleges that the Appeals Board rejected an attempt by him to present evidence of this new fact. He does not allege that he made a new application for benefits presenting the new fact to the Department.

Appellant contends that his failure to join the federal employer did not justify the court in sustaining the demurrer. ▆▆▆ It must first be

---

[1]The record contains indications that the court intended the judgment to reflect a holding for respondent on the merits. But the pleadings posed issues of fact for submission on the administrative record. It does not appear that such a record was submitted.

determined whether appellant's federal employer was an indispensable party in whose absence the action could not be maintained. (Code Civ. Proc., § 389, subd. (a).) A state agency which enters into an agreement with the United States Secretary of Labor to administer an unemployment compensation program for federal employees acts as the agent of the United States for that purpose. (5 U.S.C. § 8502(a)(1).) The benefits paid to federal employees are derived from contributions of the federal employer. (See 5 U.S.C. §§ 8504, 8505; 20 C.F.R. § 609.16 (a)(b).) ■ If a federal agency has a direct pecuniary interest in the outcome of litigation, an action which affects that interest cannot proceed in the agency's absence. (*Minnesota* v. *United States* (1939) 305 U.S. 382, 386-388 [83 L.Ed. 235, 240-241, 59 S.Ct. 292]; *Mine Safety Co.* v. *Forrestal* (1945) 326 U.S. 371, 372-373 [90 L.Ed. 140, 142-144, 66 S.Ct. 219]; *White* v. *Bloomberg* (Dist. Ct. Md. 1972) 345 F.Supp. 133, 142, affd. 501 F.2d 1379.) ■ In the present case, a judgment compelling an award of benefits would fall upon federal funds budgeted for the support of SSA. Therefore, SSA was an indispensable party to the action. (Code Civ. Proc., § 389, subd. (a)(2); *Constantopoulos* v. *New Hampshire Dept. of Emp. Sec.* (1966) 107 N.H. 400, 405-406 [223 A.2d 418, 422].)

■ When a nonparty is determined to be an indispensable party, the action should not be dismissed on demurrer; the trial court should order joinder of the missing party. Code of Civil Procedure section 389 was amended in 1971 to conform to rule 19, Federal Rules of Civil Procedure. (See Law Revision Com. Comment, Code Civ. Proc., § 389.) It is therefore appropriate to use federal precedents as a guide to application of the statute. The cases hold that the trial court should provide a litigant with an opportunity to join an indispensable party if such joinder is feasible. (*English* v. *Seaboard Coast Line Railroad Co.* (5th Cir. 1972) 465 F.2d 43, 47-48; *Stamler* v. *Willis* (7th Cir. 1969) 415 F.2d 1365, 1368-1369, cert. den., 399 U.S. 929 [26 L.Ed.2d 796, 90 S.Ct. 2231]; *McShan* v. *Sherrill* (9th Cir. 1960) 283 F.2d 462, 464-465; *Olson* v. *Miller* (1959) 263 F.2d 738, 740-741 [105 App.D.C.55]; *Warner* v. *First National Bank of Minneapolis* (8th Cir. 1956) 236 F.2d 853, 858, cert. den., 352 U.S. 927 [1 L.Ed.2d 162, 77 S.Ct. 226].) The same rule prevailed under prior California law. (See *Lushing* v. *Riviera Estates Assn.* (1961) 196 Cal.App.2d 687, 690 [16 Cal.Rptr. 763]; *Wilson* v. *Frakes* (1960) 178 Cal.App.2d 580, 583 [3 Cal.Rptr. 434].)

■ The pivotal question, therefore, is whether SSA was amenable to joinder in this action. The trial court expressed doubts that it had the

power to exercise jurisdiction over the federal agency. ■ While the United States is ordinarily immune from suit (*United States* v. *Sherwood* (1941) 312 U.S. 584, 586 [85 L.Ed. 1058, 1061, 61 S.Ct. 767]; *United States* v. *Preston* (9th Cir. 1965) 352 F.2d 352, 356), submission to the jurisdiction of a state court may be implied where congress has vested state tribunals with jurisdiction to determine matters in which the United States claims an interest. (See *United States* v. *Hellard* (1944) 322 U.S. 363, 365-366, 368-369 [88 L.Ed. 1326, 1328-1331, 64 S.Ct. 985].) ■ The federal statute provides that "[a] determination by a State agency with respect to entitlement to compensation . . . is subject to review in the same manner and to the same extent as determinations under the State unemployment compensation law, . . ." (5 U.S.C. § 8502(d); see also 20 C.F.R. § 609.25(a).) The United States has also expressly reserved its rights to appeal from any determination of a state agency "in the same manner and to the same extent as other employers may appeal under the applicable State unemployment compensation law . . ." (20 C.F.R. § 609.11.) By subjecting the United States to the appeal procedures of the state unemployment compensation law, Congress has implicitly waived the sovereign immunity of the United States to suit. (*Constantopoulos* v. *New Hampshire Dept. of Emp. Sec., supra,* 107 N.H. at p. 406 [223 A.2d at p. 422].) Therefore, it was error to dismiss the suit without affording appellant an opportunity to join the SSA.

We consider it appropriate to discuss certain questions of law which may arise following remand. (Code Civ. Proc., § 43; 6 Witkin, Cal. Procedure (2d ed. 1971) § 224, p. 4214.) ■ Citing *Smith* v. *District Unemployment Compensation Board* (D.C. Cir. 1970) 435 F.2d 433, appellant argues that the Appeals Board should have reviewed the initial SSA finding. Appellant's theory is erroneous; the Appeals Board has no power to review the findings of the federal employer. (5 U.S.C. § 8506(a); *Christian* v. *New York Department of Labor* (1974) 414 U.S. 614, 620-621 [39 L.Ed.2d 38, 44-45, 94 S.Ct. 747].) It was therefore proper for the Board to base its decision exclusively on the initial SSA finding. But that finding was not conclusive under federal law until appellant had been afforded a fair hearing before his employer or the Civil Service Commission. (*Smith* v. *District Unemployment Compensation Board, supra,* 435 F.2d at pp. 438-439.)[2] After the Appeals Board had rendered

---

[2]It appears that both appellant and SSA mistakenly believed that a probationary federal employee had no right to a hearing with respect to findings of the employee's reasons for resignation. The rule of the *Smith* case had apparently not been codified in the federal regulations at the time the initial SSA finding was made. (See 20 C.F.R.

its decision, SSA altered appellant's personnel record to show that appellant had left his employment because of ill health. The corrected finding was not presented timely before the Department or the Appeals Board; hence the burden is on appellant to show that the new evidence could not have been produced at the administrative hearing, or in support of a renewed application for benefits, in the exercise of reasonable diligence. (Code Civ. Proc., § 1094.5, subd. (d); *Lacy v. California Unemployment Ins. Appeals Bd.* (1971) 17 Cal.App.3d 1128, 1136-1137 [95 Cal.Rptr. 566]; Deering, Cal. Administrative Mandamus (Cont.Ed.Bar 1966) § 13.8, p. 221.) The independent judgment rule applies on the review of a denial of unemployment insurance benefits. (*Thomas v. California Emp. Stab. Com.* (1952) 39 Cal.2d 501, 504 [247 P.2d 561]; *Cal. Portland Cement Co. v. Cal. Unemp. Ins. Appeals Board* (1960) 178 Cal.App.2d 263, 269 [3 Cal.Rptr. 37].) Therefore, if the trial court finds that the administrative record should be augmented to include the corrected SSA finding, it may receive the evidence at trial or remand the case to the Appeals Board for reconsideration. (Code Civ. Proc., § 1094.5, subds. (d), (e); Deering, Cal. Administrative Mandamus, *supra*, §§ 13.11-13.13, pp. 224-225.) In either event we do not reach the question whether appellant's resignation was a voluntary resignation for good cause under Unemployment Insurance Code section 1256.

The judgment is reversed with directions to take further proceedings consistent with the views expressed herein.

Caldecott, P. J., and Emerson, J.,* concurred.

A petition for a rehearing was denied May 6, 1975.

---

§ 609.18.) But the SSA subsequently amended the initial finding upon appellant's request; it thus discharged its responsibilities under federal law. (See 20 C.F.R. §§ 609.18(a), 609.23(a).)

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.