WHITECO METROCOM,
INC., Appellant,

v.

INDUSTRIAL PROPERTIES
CORPORATION, Appellee.

No. 05–85–00912–CV.

Court of Appeals of Texas,
Dallas.

May 6, 1986.

Rehearing Denied June 17, 1986.

David A. Miller, Robert R. Kamm, Vineyard, Drake & Miller, Dallas, for appellant.

Mike McKool, Jr., E. Russell Nunnally, A. Erwin Dwyer, Johnson & Swanson, Dallas, for appellee.

Before STEPHENS, GUILLOT and STEWART, JJ.

STEPHENS, Justice.

Whiteco Metrocom, Inc. (Whiteco) appeals from a judgment granting a permanent injunction in favor of Industrial Properties Corporation (IPC) enforcing certain deed restrictions. Whiteco contends the trial court erred in rendering judgment for IPC because IPC's "refusal to approve the plans for Whiteco's billboard exceeded the authority granted by the restrictive covenants and was void," and in granting a mandatory injunction requiring removal of a sign structure because no such relief was sought by IPC's pleadings. We affirm.

IPC owns certain real property in an area commonly known as the Trinity Industrial District (the District). Stemmons and Inwood Joint Venture (Venture), a defendant in the cause below, also owns certain real property in the District. IPC originally owned all of the land in the District, including the property owned by Venture. Originally, in order to implement a general plan of development, IPC placed certain restrictive covenants in every deed or other conveyance of land in the District. Every deed included in the chain of title for Venture's property included or was made subject to the recorded restrictive covenants. One of the covenants included in the deed restrictions is an approval covenant, which provides:

2. No building, structure or other improvements shall be erected, constructed, added to or altered on the premises or any part thereof, without prior submission of plans and specifications therefor to Industrial Properties Corporation or its successors and the securing of written approval thereof from Industrial Properties Corporation or its successors.

Whiteco leased a portion of the property owned by Venture for the purpose of erecting an advertising billboard. Venture and Whiteco began construction of the billboard without having secured IPC's written approval of the plans and specifications, and continued construction on the billboard after IPC refused to approve Whiteco's plans for the billboard. IPC then brought suit seeking to permanently enjoin Venture and Whiteco from erecting the billboard. The trial court granted IPC's permanent injunction and ordered Venture and Whiteco to disassemble and remove any portion of the billboard which it had erected on the property. The trial court filed findings of facts and conclusions of law. Whiteco appeals from the trial court's judgment.

In its first point of error, Whiteco contends that the trial court erred in rendering judgment because IPC's refusal to approve Whiteco's billboard plans exceeded the authority granted by the restrictive covenants and was void.

Whiteco argues that *Davis v. Huey*, 620 S.W.2d 561 (Tex.1981), stands for the proposition that an approval covenant is unenforceable unless it contains specific prohibitory language within itself, or unless it is used to enforce a specific covenant set out in the deed or other conveyance of land. Because neither the approval covenant nor a specific covenant prohibits erection of the advertising billboard, Whiteco maintains that the approval covenant cannot be used as an instrument of prohibition in this case.

IPC contends that Whiteco misconstrues the *Davis* decision. IPC argues that in *Davis*, the Texas Supreme Court only held that an approval covenant cannot be used to alter or rewrite a specific covenant set out elsewhere in the deed restrictions.

Since there is no specific restriction in this case regarding advertising billboards, IPC maintains that the use of the approval covenant in this case does not contravene the *Davis* decision, provided that the approval covenant gives the purchaser notice of the limitations on his title.

■ We agree with IPC's interpretation of the *Davis* decision. As noted, Paragraph two of the restrictive covenants requires written approval from IPC of plans and specifications for any building, structure, or other improvement erected, constructed, added to, or altered on the premises. Approval covenants such as these are valid "insofar as they furnish adequate notice to the property owner of the specific restriction sought to be enforced." *Davis*, 620 S.W.2d at 566. Such covenants cannot add to or change the restrictions. *Catalina Square Improvement Comm. v. Metz*, 630 S.W.2d 324, 327 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

In *Davis*, the Texas Supreme Court, quoting from *Curlee v. Walker*, 112 Tex. 40, 244 S.W. 497, 498 (1922), stated:

So the general rule may be safely stated to be that where there is a general plan or scheme adopted by the owner of a tract, for the development and improvement of the property by which it is divided into streets and lots, and which contemplates a restriction as to the uses to which lots may be put, or the character and location of improvements thereon, to be secured by a covenant embodying the restriction to be inserted in the deed to purchasers; and it appears from the language of the deed itself, construed in the light of the surrounding circumstances, that such covenants are intended for the benefit of all the lands, and that each purchaser is to be subject thereto, and to have the benefit thereof, and such covenants are inserted in all the deeds for lots sold in pursuance of the plan, a purchaser and his assigns may enforce the covenant against any other purchaser, and his assigns, *if he has bought with actual or constructive knowledge of the*

*scheme,* and the covenant was part of the subject matter of his purchase.

620 S.W.2d at 566–67 (emphasis added). The Court went on to hold that:

in order to enforce restrictions based on a general plan or scheme, it is essential that the party seeking to enforce the restrictions on the use of land establish that the purchaser had notice of the limitations on his title.

*Id.* (citations omitted).

In the case at bar, the trial court found that the District was developed "pursuant to a general plan or scheme as an area of expensive, high quality commercial property with very attractive landscaping," and that the billboard "is contrary and out of character to the general plan and scheme." The court also found that IPC has continuously enforced the restrictive covenants in a uniform manner for the benefit of its land and the land of other property owners in the District, and that IPC's refusal to approve plans for the billboard was a reasonable and good faith exercise of the IPC's discretion to enforce the restrictive covenants. These findings are not challenged by Whiteco on appeal and are supported by the evidence. Accordingly, this court is bound by these findings of fact. *Bobbitt v. Electronic Data Systems, Inc.,* 652 S.W.2d 620, 622 (Tex.App.—Dallas 1983, no writ); *Texas Real Estate Comm'n v. Hood,* 617 S.W.2d 838, 840 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.); *Katz v. Rodriquez,* 563 S.W.2d 627, 630 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

■ Thus, IPC had the burden of showing that under this scheme or plan adopted in the District, Paragraph two was intended to regulate the type of building, structure, or other improvement on all property in the District, and that Venture had notice of such scheme, purpose, and intention when it purchased its property, for, unless it had such knowledge or notice, it cannot be said that it entered into the scheme or assumed the mutual obligation. *Davis,* 620 S.W.2d at 567.

As noted above, the record indicates that, at the inception of the development plan for the District, the developers placed certain restrictive covenants in every deed or other conveyance of land made by IPC in order to implement its general plan of developing the area as an expensive, high quality commercial area with extremely attractive landscaping. The record also indicates that Paragraph two was included as one of these covenants in order to regulate the type of building, structure, or improvement on all property within the District. Therefore, IPC met its burden on the first part of the test announced in *Davis.* We next determine whether Venture had notice of the scheme, purpose, and intention when it purchased its property.

As purchasers of the property, Venture was bound by restrictions of which it had constructive notice. *Sharpstown Civic Association v. Pickett,* 679 S.W.2d 956, 958–59 (Tex.1984). The evidence shows, and the trial court concluded, that Venture, and through it Whiteco, had actual and constructive notice of the restrictive covenants, including the approval covenant set out in Paragraph two. We hold that the language of Paragraph two, along with the general plan or scheme adopted and implemented within the District, would place a purchaser on notice of such scheme, purpose, and intention, and that its property was subject to the limitations regarding the type of building, structure, or other improvements sought to be enforced through the approval covenant. *See Davis,* 620 S.W.2d at 568 & n. 5. The point of error is overruled.

■ In its next point of error, Whiteco contends the trial court erred in ordering it to remove the sign structure which had already been constructed on the property because IPC's pleadings did not ask for such relief.

We conclude that IPC is entitled to the mandatory injunction ordered by the trial court. The parties stipulated that the erection of the advertising billboard would be a

substantial breach of the restrictions if IPC's refusal to approve the plans was authorized. *See Radney v. Clear Lake Forest Community Association, Inc.*, 681 S.W.2d 191, 198 (Tex.App.—Houston [14th Dist.] 1984, no writ) (granting of mandatory injunction ordering removal of non-conforming structures is a proper way to enforce deed restrictions); *Catalina*, 630 S.W.2d at 327 (in order to justify a mandatory injunction, a substantial violation of a covenant must be shown). The only question presented by Whiteco is whether IPC requested such relief.

The record indicates that IPC's pleadings contain a request for enforcement of the restrictive covenants against Venture and Whiteco. IPC's prayer for relief asked that a temporary injunction be granted enjoining Venture and Whiteco from erecting, causing to be erected, or permitting others to erect a billboard in violation of Paragraph two of the restrictive covenants, and that, upon a final hearing, the temporary injunction be continued as a permanent injunction. IPC also prayed for "such other and further relief, either general or specific, at law or in equity, to which it may show itself justly entitled" and for costs and reasonable attorney's fees.

The inclusion of a request for general relief cannot enlarge a pleading to include a different cause of action for which fair notice does not exist. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex.1979). Only the relief consistent with the theory of the claim reflected in the petition may be granted under a general prayer for relief. *Kissman v. Bendix Home Systems*, 587 S.W.2d 675, 677 (Tex.1979).

We conclude that the prayer for general relief, along with the request that the restrictive covenants be enforced, authorized the court to order the mandatory injunction. The relief was consistent with the theory of IPC's claim, and IPC's pleadings gave Whiteco fair notice of the relief sought. The ground of error is overruled. The judgment is affirmed.