### THIRD DEPARTMENT, NOVEMBER, 1956

### (November 9, 1956)

■    In the Matter of the Claim of ARMANDO FORTE, Respondent. ISADOR LUBIN, as Industrial Commissioner, Appellant.

904

*Per Curiam.* In pursuance of subchapter XV of the Social Security Act of the United States (U. S. Code, tit. 42, § 1361 *et seq.*), the Secretary of Labor is authorized to enter into an agreement with any State under which the State will provide unemployment insurance benefits to Federal employees and such an agreement was effected in 1954 with the State of New York.

The Federal statute provides, among other things, that the "findings" of all Federal employing departments or agencies on the "reasons for termination of \* \* \* service" of a Federal employee where the findings are made in accordance with "the regulations" prescribed by the Secretary of Labor "shall be final and conclusive" for the purpose of determining rights of Federal employees to unemployment insurance benefits. (U. S. Code, tit. 42, § 1367.)

Claimant was employed in the United States Treasury Department, Internal Revenue Service, as an examiner of permits. On August 12, 1955 he was discharged from service and filed a claim for unemployment insurance. The Industrial Commissioner made initial determinations suspending claimant's benefits on the ground he had lost his employment because of misconduct, and in the alternative disqualifying him for benefits through a stated period because he had voluntarily left employment without good cause.

The claimant requested a hearing on these initial determinations; the unemployment insurance referee, after a hearing in which claimant's testimony tended to justify his conduct, overruled the initial determinations of the commissioner; and on the latter's appeal, the Unemployment Insurance Appeal Board affirmed the referee's determination and overruled the commissioner's determinations and sustained the claimant's right to benefits.

The appeal board's determination is based on its view that no findings conforming with the Federal statute or the regulations of the Secretary of Labor showing the reasons for the termination of claimant's Federal employment were before the Industrial Commissioner, the referee or the appeal board. This conclusion seems to us to be consistent with the record.

When the State Department of Labor sent its form entitled "Request for Wage and Separation Information" to the Internal Revenue Service the answer to the question in the form "Reason for separation" was given merely in the equivocal word "Removal". The department then requested the Internal Revenue Service to furnish "all attending circumstances of claimant's removal". The Internal Revenue Service sent a copy of a letter which had been sent claimant stating the grounds for his removal. With the copy of this letter was a letter addressed to the State Department of Labor indicating that the removal was then being reviewed by the United States Civil Service Commission and was then undecided and might result in a different determination on claimant's status in the Federal service.

This informal and equivocal information did not conform with the requirements of the Federal statute and the regulations of the Secretary of Labor to show upon the basis of definite findings either misconduct or a voluntary separation by claimant from his employment. Findings which will indicate one way or another the cause of claimant's separation and which will conform with the requirements of the Federal statute should be readily available and should be before the appeal board or the referee; or adequate ground shown in the record why it is not furnished.

The determination should be reversed and the claim remitted to the board for further proceedings, without costs.

Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ., concur.

Decision of the Unemployment Insurance Appeal Board reversed and the matter remitted to the board for further proceedings, without costs. [See 3 A D 2d 609.]