**Anita SMITH**

*v.*

**DISTRICT UNEMPLOYMENT COMPENSATION BOARD, Appellant,**

**Paul R. Ignatius, Secretary of the Navy.**

**No. 23448.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 22, 1970.

Decided Aug. 28, 1970.

---

Mr. George A. Ross, Washington, D. C., with whom Messrs. F. G. Gordon, Jr. and Russell L. Carter, Washington, D. C., were on the brief, for appellant.

Mr. Joseph F. Dugan, Washington, D. C., for appellee.

Before FAHY, Senior Circuit Judge, and LEVENTHAL and ROBB, Circuit Judges.

LEVENTHAL, Circuit Judge.

This case involves an issue of the procedure required where a person seeking unemployment compensation payable under state law (here, the law of the District of Columbia), following the termination of Federal employment, finds compensation denied or curtailed because of findings of the employing (Federal) agency made in the absence of a hearing.

Appellee was employed as a clerk in the Washington Naval Yard in the District of Columbia. She left her job in June 1968, after having worked there for approximately one year. She subsequently filed an application for unemployment compensation which disclosed that her previous employment had been with the Navy. In accordance with standard procedure, the claims deputy of the D.C. Unemployment Compensation Board sent to the Navy a Request for Wage and Separation Information (Form

ES–931), which asked, as one item: "Reason for Separation or Non-pay Status." The Navy returned this form, setting forth the reasons given by appellee for resigning, and adding the Navy's finding. The item, as completed, read as follows:

"I am resigning because of poor transportation, poor military supervisory-employee relations and uncongenial working conditions. My advancement in this position was intensely impeded by (Personal Prejudice) in this department.

Finding's [sic]: Investigation failed to support allegations of employee."

The form was signed by the Head of the Payroll Branch.

The D.C. Unemployment Compensation Board disqualified appellee's claim to the extent of five weeks' compensation.[1] The procedure within the Board, the basis for the Board's determination, and the reasons why the District Court, on appeal taken under 46 D.C.Code § 312, disapproved the Board's procedure are succinctly set forth in a Memorandum Opinion of the District Court. These are the pertinent passages of that opinion:

In this case the Navy informed the District Board that plaintiff's allegations were not supported by its investigation. Since in the case of a federal employee the only task of the Board is to take the facts as found by the federal agency and apply to them the District's standards for compensation, the Navy's finding here effectively precluded any result other than the one reached by the Claims Deputy. When he disqualified her claim for five weeks she appealed and pursuant to 46 D.C.Code 311(e) a hearing was held before the Appeals Examiner; but this was not a hearing such as the one afforded a private employee or an employee of the District of Columbia Government. Plaintiff gave evidence but the Navy did not appear. Then, on the basis of the Navy's finding, the Appeals Examiner affirmed the denial of her claim since the facts as found by the Federal agency were accepted as final and conclusive.

Counsel could point to no specific provision requiring a hearing on the facts before the Navy. Although an ex parte determination by the federal agency may be sufficient to guide the decision of the Claims Deputy, surely when an appeal is taken to the Appeals Examiner the claimant cannot be foreclosed from testing these ex parte findings. To hold otherwise would be to cast doubts upon the constitutionality of the statute or the implementing regulations due to the denial of due process of law. Federal claimants who appeal under 46 D.C.Code § 311(e), if they have not been given a hearing before the federal agency in order to determine the reasons for termination, must be given a due process hearing in front of the District Board or its representatives as are other claimants. Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed. 2d 1377 (1959).

The defendant's motion for summary judgment is denied. The plaintiff's motion is granted in part and this case is remanded to the District Unemployment Compensation Board for a hearing consistent with the terms of this opinion.

The order entered by the District Court provided:

This matter is remanded to the District Unemployment Compensation Board to hold a hearing in the above-captioned case for the purpose of determining the reasons for the plaintiff's terminating her employment with

---

1. 46 D.C.Code § 310(a) provides that "An individual who has left his most recent work voluntarily without good cause, as determined by the Board under regulations prescribed by it, shall not be eligible for benefits with respect to the week in which such leaving occurred and with respect to not less than four nor more than nine consecutive weeks of unemployment which immediately follow such week, as determined by the Board in such case according to the seriousness of the case."

the Department of the Navy and further to determine, based on the evidence adduced at said hearing, whether the plaintiff's leaving her employment was for or without good cause. The District Unemployment Compensation Board is directed to make an independent decision based solely on evidence produced at said hearing and the District Unemployment Compensation Board shall not be bound in any respect by any decision of the Department of the Navy as to the reasons for plaintiff's terminating her employment.

The Board appeals the District Court's order directing that it hold a hearing, and contends that it cannot take evidence on the issue of the reasons for termination of employment because the Navy's official findings are conclusive on it and to do so would be to exceed its authority under the statute and exceed the function which it undertook to discharge, as an agent of the Federal Government, in its agreement with the Secretary of Labor. We conclude that the District Court was correct in holding that appellee was entitled to a hearing on the reasons for her resignation, but we differ as to the procedure appropriate for ensuring that hearing.

■ In our opinion the statutory scheme established by Congress plainly contemplates that a Federal employee whose claim for compensation is denied is entitled to a fair hearing. Congress expressly provided, in 42 U.S.C. § 503(a), which makes provision for grants by the United States to States for unemployment compensation administration, that the Secretary of Labor shall make no certification to the Secretary of the Treasury for payment to any state "unless he finds that the law of such State * * * includes provision for * * * (3) opportunity for a fair hearing, before an impartial tribunal, for all individuals whose claims for unemployment compensation are denied." We now consider the Board's contention that this assurance of a hearing does not apply to a situation where the applicant has left Federal government employment, and the Federal employing agency has made findings on the reason for termination of service.

The pertinent Federal statutes are found at 5 U.S.C. § 8501 *et seq.*, which derive from a 1954 amendment to the Social Security Act wherein Congress revised the government's compensation program so as to extend unemployment compensation to substantially all Federal civilian employees. Congress was keenly aware that Federal employees face risks of unemployment, since there had been a substantial drop in Federal employment between June 1952 and 1954, just as there had been a drop beginning in 1945 following the peak of World War II.

Congress established two procedures. One, now in 5 U.S.C. § 8502, provides for administration of unemployment compensation of Federal employees pursuant to agreements reached between the Secretary of Labor and the states. The other, 5 U.S.C. § 8503, provides for their compensation in the absence of state agreement.

This case is governed by § 8502, since the Secretary of Labor has entered into an agreement with the District Unemployment Compensation Board. Section 8502(a) provides that the Secretary is authorized to enter into agreements with the agency administering the unemployment compensation law of the state, "under which the State agency shall (1) pay, as agent of the United States, compensation * * * to Federal employees." Subsection (b) directs that the agreement provide that the compensation will be paid to a Federal employee in the same amount, on the same terms, and be subject to the same conditions, as if he were a private employee. Subsection (d) provides for the review of the state agency's determination in the same manner and to the same extent as review is provided under the State unemployment compensation law.

Particularly involved in the present case is 5 U.S.C. § 8506(a), which pro-

vides that the Federal employing agency shall make available to the State agency information concerning the employee's Federal service and wages, and specifically its findings concerning "the reasons for termination of Federal service." It further provides: "The employing agency shall make the findings in the form and manner prescribed by regulation of the Secretary. The regulations shall include provision for correction by the employing agency of errors and omissions. Findings made in accordance with the regulations are final and conclusive for the purpose of sections 8502(d) and 8503(c)."

The Secretary has provided such regulations at 20 C.F.R. § 609. Section 609.6 directs that the Federal agency shall, within four days after receipt of a request from the State agency, "make its Federal findings, complete [Form ES–931] and transmit its Federal findings to the State agency, or the Secretary, as appropriate, on such form." Section 609.22 sets forth procedures by which the employee and the State agency may obtain additional information to understand the basis for the Federal finding, and may make request for additional facts. Section 609.23 provides a means whereby the employee and the State agency may make a request of the Federal agency for a reconsideration and correction of findings. Section 609.25 of 20 C.F.R. provides:

"A determination or redetermination by a State agency as to a Federal civilian employee's entitlement to compensation is subject to review, *except for Federal findings,* in the same manner and to the same extent as other determinations under the State unemployment compensation law * * *." (Emphasis added.)

We think these provisions of the law and regulations, and agreements entered into by the Secretary of Labor, do establish that the function of the State agency, and its charter of authority, is to apply the State law to all pertinent facts as found by the State agency, with opportunity for hearing accorded to the employee, except that findings of the Federal employing agency, including findings as to reasons for termination of service, are conclusive and may not be reexamined by the State agency (or the Secretary of Labor). This view of the law is in accordance with the applicable legislative history.[2]

This, however, does not mean that the findings of the Federal employing agency, made conclusive on the State agency, can be validly established and maintained without opportunity for hearing.

We need not turn to constitutional requirements. We are after all dealing with a subject, unemployment compen-

---

2. The scope and purpose of § 1507(a) of the Social Security Act, now codified as 5 U.S.C. § 8506, was described by the House Ways & Means Committee as follows:

> *Information*—This section requires all Federal agencies subject to this title to furnish to State agencies, or to the Secretary where the program is not operated by a State, all information which the Secretary determines is necessary and practicable to determine whether a claimant is entitled to benefits. A *further provision in this section places in these Federal agencies instead of the State agencies or the Secretary, the sole authority to make whatever findings are necessary on certain issues.* These issues are (1) whether a worker is covered by this title, (2) the length of his period of covered service, (3) the amount of his covered wages, and (4) *the reasons for termination of his service.* The States, or the Secretary where appropriate, would continue to make the findings on all other issues, as well as the final determination as to whether the claimant is entitled to benefits. They would, for example, determine whether a particular reason for termination of a worker's service constitutes discharge for misconduct or some other disqualifying factor. Only the finding of the Federal agency as to the reason for termination as well as on the other three enumerated issues, would be final and binding on the State agency and the Secretary. (Emphasis added.) H.R.Rep.No.2001, 83rd Cong., 2nd Sess. 12 (1954).

sation, in which the opportunity for hearing was considered by Congress to be so fundamental that it was expressly mandated on the State agencies that they provide "opportunity for a fair hearing, before an impartial tribunal" for all individuals whose claims are denied. See 42 U.S.C. § 503(a) (3).

The intention of the 1954 enactment was to put the Federal employee whose employment was terminated in the same general position as a private employee, both being governed by the same principles of State law as to eligibility for compensation.

Congress assured a fair hearing to Federal employees governed by § 8502 (for their claims are considered by the State agency which is under a general mandate to provide fair hearings for private employees), and to Federal employees governed by § 8503, since § 8503 (c) provides: "A Federal employee whose claim for compensation * * * is denied is entitled to a fair hearing under regulations prescribed by the Secretary." These provisions must be taken into account in considering the intention of that language of § 8506 which states that the findings of Federal agencies shall be final and conclusive.

██ ██ We conclude it was the contemplation of Congress that no finding by a Federal employing agency should be conclusive on a Federal employee unless the employee had opportunity for a fair hearing before an impartial tribunal. Congress had generally in mind that there are extensive provisions for hearing before the Civil Service Commission in the case of Federal employees who are discharged. A State agency is not justified in denying a claim on the basis of an initial finding of a Federal agency, when that finding is being appealed to the Civil Service Commission.

See In re Forte's Claim, 2 A.D.2d 903, 158 N.Y.S.2d 91 (1956). There is no reasonable basis for supposing that whereas Congress deliberately insisted on opportunity of hearing for employees generally, it deliberately established a no-hearing enclave for a relatively small group of Federal employees, and permitted them to be conclusively bound by a Federal finding made in the absence of a hearing.

We do not say that a hearing must be had before the Federal finding is made in the first instance. We do not know whether and to what extent the requirement of fair hearing can be maintained through an appeal to the Civil Service Commission[3] in the case of employees who have resigned. If not, the hearing must be provided by the Federal employing agency, on a request for reconsideration of its finding, if its finding is to be maintained. It is significant that the Act requires, in 5 U.S.C. § 8506, that the Secretary's regulation "shall include provision for correction by the employing agency of errors and omissions." And the Secretary's regulation makes such provision, see 20 C.F.R. § 609.23. On such reconsideration the finding prepared quickly from the personnel files[4] may be maintained in effect only if the employee is accorded opportunity for a fair hearing.

This combination of procedures allows the Federal employing agency to make its Federal findings quickly for the great bulk of cases. In the occasional case where the Federal employee seeks the opportunity for fair hearing to which he is entitled, it must be provided,—either by appeal to the Civil Service Commission, or on reconsideration by the Federal employing agency. Only if such hearing is provided may the finding of the employing agency be maintained in effect.

3. We have not been meaningfully informed whether such an appeal was maintainable by appellee. She testified that she lodged an appeal with the Civil Service Commission but had "suspended" it to give the American Civil Liberties Union time to ponder her request for counsel.

4. 20 C.F.R. § 609.6 provides that the finding shall be made within four days after the State agency makes the request for information.

■ A question of procedure remains. Take the case of a Federal agency that insists, contrary to law, on making and retaining a finding adverse to an employee without opportunity for a fair hearing. The remedy does not lie in a suit directed to the State agency for, as the State would correctly point out, a complaint that the employee "was not granted a hearing before the Federal authorities [is] a matter for Federal authorities and not for us." Neumeyer v. Unemployment Compensation Board of Review, 187 Pa.Super. 321, 328, 144 A.2d 606, 609 (1958). The appropriate judicial remedy is to strike the Federal finding made and continued without opportunity for a hearing. An action to obtain such a result properly names the Federal agency as a party. See Constantopoulos v. New Hampshire Department of Employment Security, 107 N.H. 400, 223 A.2d 418 (1966). Here the appellee correctly joined the Secretary of the Navy as a party defendant.[5]

■ It may be that the realities of Federal personnel administration are such that it would be infeasible for the Federal Government to establish a procedure of hearing and impartial tribunal for a person who has resigned, merely to settle his eligibility for unemployment compensation under the standards of State Law. In that event, when the employee applies for reconsideration of the employing agency's finding concerning the reason for termination of service, the agency should limit its finding to the bare recital that the applicant resigned and at the time state that his reason for resigning was (as set forth); that the resignation was accepted; and that the Federal employing agency makes no finding one way or the other as to the validity of the employee's reasons, since the Federal Government has no procedure for a fair hearing. In that event the State would be free to find, after hearing, that the resignation was for good cause, as defined by applicable state standards. Saulls v. Employment Security Agency, 85 Idaho 212, 377 P.2d 789 (1963).

We come to the question of the remedy in this case. The claimant encountered manifest difficulty in trying to ascertain how and where she could obtain a hearing. Possibilities of clarification were removed when the Navy moved to withdraw itself from the field of controversy. Where the remedy is not clear, and the regulations in this case are not clear, the interest of justice requires giving the claimant a second chance. See Lodge 1858, American Federation of Government Employees v. Paine, 141 U.S.App.D.C. ——, 436 F.2d 882 (1970). In the interest of justice, it is directed that the court's order granting the plaintiff's motion for summary judgment, in part, be affirmed with a modification. The purpose of assuring plaintiff a hearing will be preserved. The judgment will be modified, however, so that the future procedure on remand will be handled by a stay of appellee's action, pending a fair hearing by the Federal Government (whether by the Civil Service Commission, or by the Navy on a request that the Navy reconsider its findings[6]). It is presumed that the United States Attorney and the appropriate Federal authorities will cooperate with the District Court by advising of the procedures available and conducting them expeditiously. The District Court may provide such terms as it shall consider appropriate to assure a prompt and reasonable Federal hearing. Its order will further provide that if no such Federal hearing is provided, the Federal finding contradicting the applicant's reasons for resignation shall be stricken. The D.C. Board shall then grant plaintiff the fair hearing that would be available to any private employee, since it will no longer be constrained by any adverse Federal finding.

So ordered.

---

5. Another District Judge erroneously granted the motion of the Secretary of the Navy to be dismissed as a party defendant.

6. The one year time limit specified in 20 C.F.R. § 609.7 will be held unenforceable as to this case, in view of the facts.