### Alvin E. STROTHER, Petitioner,

v.

### DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

No. 84–1149.

District of Columbia Court of Appeals.

Submitted March 21, 1985.

Decided Nov. 15, 1985.

Alvin E. Strother, pro se.

Michael A. Milwee, Washington, D.C., for respondent.

Before NEBEKER, MACK and BELSON, Associate Judges.

PER CURIAM:

Petitioner appeals from the Department of Employment Services (DOES) determination of ineligibility for unemployment benefits. We affirm that determination.

The United States Army discharged petitioner under "other than honorable conditions" on February 23, 1984. Petitioner applied for unemployment compensation with DOES on March 14, 1984. DOES determined that he was ineligible for benefits because he was not discharged under "honorable conditions." Petitioner appeal-

---

ed that decision. At the hearing before the Appeals Examiner, petitioner explained that he would attempt to secure from the Army an upgrade of his discharge. The Appeals Examiner affirmed the initial disqualification on the grounds that applicable law precluded the use of petitioner's military service wage credits. Thereafter, petitioner notified DOES that he had submitted a request to the Army for a discharge upgrade on May 7, 1984. The Office of Appeals and Review subsequently affirmed the decision of the Appeals Examiner. Petitioner appeals from that disqualification.

A "state" unemployment agency, such as DOES, may act as an agent of the United States in providing unemployment compensation for ex-servicemembers. 5 U.S.C. §§ 8502, 8521 (1982). An applicant's service must meet the definition of "federal service" to qualify him for benefits. *Id.* § 8521(a)(1). That definition extends unemployment coverage to applicants discharged or released from the armed forces under "honorable" conditions. *Id.*

DOES must treat as final and conclusive the information in a military document showing that an ex-servicemember received a "less than honorable discharge." *See* 20 C.F.R. §§ 614.21(a)(3), 614.25 (1984).[1] The ex-servicemember may request that the issuing federal military agency correct the type of discharge. *Id.* § 614.22(a). That request may be made through the state unemployment agency. *Id.* The state agency, once notified by the ex-servicemember that a request for correction has been made, may postpone its determination of eligibility until the ex-servicemember notifies it of the action of the military agency. *Id.* § 614.22(b). If the state agency has already made its determination at the time it is informed of the request for correction, or if it chooses not to postpone its determination, the ex-servicemember may file a request with the state agency for a redetermination of his unemployment compensation eligibility after a federal military agency has acted favorably on the request. *Id.*

We observe that the regulatory scheme for ex-servicemembers differs from that for other federal employees, such as the applicant in *Smith v. District Unemployment Compensation Board,* 140 U.S.App. D.C. 361, 435 F.2d 433 (1970) (findings of the federal employing agency concerning the reason for termination not conclusive upon state agency unless applicant had opportunity for fair hearing). The ex-servicemember applying for unemployment benefits must meet the condition of a discharge under "honorable conditions" in order to qualify his military duty as "federal service." 5 U.S.C. § 8521(a)(1)(A). A state unemployment compensation agency does not have the expertise to determine the ex-servicemember's discharge status to be contrary to that contained in a military document, and it would be singularly inappropriate for it to attempt to do so. In contrast, a state agency is qualified to conduct a factual hearing to determine the reason why a general federal employee left a federal agency. *Smith* held that a state agency must do so where the federal agency does not offer the applicant a fair hearing. The regulations concerning ex-servicemembers also make explicit provision for post-separation review of an ex-servicemember's discharge status and provide for reopening of the state unemployment compensation eligibility proceeding following correction of the military record. 20 C.F.R. §§ 614.22, 614.24. That the state agency must treat the type of discharge found in a military document as conclusive is further supported by the action of Congress after *Smith.* Congress repealed the conclusiveness provision concerning general federal employees at issue in *Smith,* but maintained that provision in the related ex-servicemember unemployment compensation program. *See* 5 U.S.C. § 8506(a) amended

---

1. A "military document" is "an official document ... issued to an individual by a Federal military agency relating to the individual's Federal military service and discharge or release from such service." *Id.* § 614.2(j).

by Pub.L. 94–566, title III, § 313(a), Oct. 20, 1976, 90 Stat. 2680.

DOES did not stay its determination of eligibility after petitioner notified it of his request to the Army that it correct the military document discharging him under "less than honorable conditions." Federal regulations permit but do not require such a stay. *Id.* DOES' determination properly found petitioner ineligible for benefits because the military had not at that time changed the status of petitioner's discharge from "other than honorable." *See* 5 U.S.C. § 8521(a)(1)(A). We affirm the determination of ineligibility. However, if in the future petitioner or the federal military agency should notify DOES of a favorable action on his request for correction, DOES will be required to make a redetermination or schedule a further hearing on petitioner's entitlement to unemployment compensation benefits. 20 C.F.R. § 614.-22(c).

*Affirmed.*