**MISSOURI DIVISION OF EMPLOYMENT SECURITY, Appellant,**

v.

**John GALPINE and Labor and Industrial Relations Commission, Respondents.**

**No. 50486.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 24, 1986.

Susan P. Haag, Rick V. Morris, Jefferson City, for appellant.

Catherine J. Barrie, Jefferson City, for respondents.

CARL R. GAERTNER, Presiding Judge.

Upon discharge from the United States Navy, respondent sought unemployment compensation through the Missouri Division of Employment Security (DES).[1] DES denied the claim upon finding respondent had been discharged from the Navy under other than honorable conditions. Respondent appealed to the Labor and Industrial Relations Commission. The Commission determined respondent was eligible for unemployment compensation, his "under other than honorable conditions" discharge notwithstanding, ostensibly on grounds that respondent may not have received a fair hearing before the Navy determined the character of his discharge. The circuit court affirmed the Commission's award. DES appeals asserting the Commission's determination is contrary to law. We reverse.

To qualify for unemployment compensation upon discharge from the armed forces a claimant must show his or her service meets the definition of "federal service" set out in 5 U.S.C. sec. 8521(a)(1). According to sec. 8521(a)(1) "federal service" includes active service in the armed forces if with respect to that service "the individual was discharged or released under honorable conditions." Respondent's DD form 214 indicates he was separated from the Navy under other than honorable conditions. DES was constrained to treat this information as final and conclusive. *Strother v. District of Columbia Department of Employment Services*, 499 A.2d 1225 (D.C.App.1985); 20 CFR secs. 614.-21(a)(3), 614.25 (1985). The Commission and the circuit court were similarly without jurisdiction to question it. As the court in *Strother* observed, "[a] state unemployment compensation agency does not have the expertise to determine the ex-service member's discharge status to be contrary to that contained in a military document." *Id.* at 1226.

■ A state agency has no authority to upgrade the character of a military member's service. Nor has it the authority to inquire into whether the member received a fair hearing before he or she was discharged under other than honorable conditions. The character of a member's discharge and the fairness of the hearing he or she received are exclusively federal matters. *See* 20 CFR sec. 614 et. seq. (1985). DES, the Commission, and the circuit court were therefore bound by the "character of service" information reflected on respondent's DD form 214. Because respondent's DD form 214 reflects he was discharged from the Navy under other than honorable conditions, his time in service will not support his claim for unemployment compensation. *See* 5 U.S.C. sec. 8521(a)(1).

The Commission's award is reversed.

SMITH and SNYDER, JJ., concur.

---

1. The United States provides unemployment compensation to eligible ex-service members through state unemployment agencies. 5 U.S.C. sec. 8502, 8521 (1982).