## Johnson Unemployment Compensation Case.

Argued June 13, 1962. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*Lewis Kates,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion by Watkins, J., September 13, 1962:

In this unemployment compensation case the claimant was denied benefits by the Bureau of Employment Security, the Referee and the Unemployment Compen-

sation Board of Review, as each concluded that his unemployment was due to his discharge for willful misconduct under the provisions of §402(e) of the Unemployment Compensation Law, 43 PS §802(e).

The claimant, David T. Johnson, was last employed by the Naval Aviation Supply Depot, Philadelphia, Pennsylvania, on August 25, 1961, when he was discharged "for conduct unbecoming a government employee and his past record of delinquency".

The claimant had been an I.B.M. operator for the Naval Aviation Supply Depot, a federal employing agency, for five years. The reasons for the termination of his services were made available to the Pennsylvania Employment authorities by the federal employing department as required by §1507(a) of the Federal Social Security Act, as amended, 42 U.S.C.A., §1367. It is contained on the record in "request for wage and separation information unemployment compensation for federal employees" and sets forth the reason as "removal for conduct unbecoming a government employee, second infraction and past record of delinquency".

The section of the Federal Act, above referred to, provides that a finding concerning the reason for termination of the service of the claimant shall be final and conclusive upon the State agency with respect to the claimant's entitlement to compensation. *McKeon Unemployment Compensation Case,* 195 Pa. Superior Ct. 69, 169 A. 2d 332 (1961).

The history of the law as to the unemployment compensation rights of a discharged federal employee is ably and exhaustively covered by Judge WOODSIDE's opinion in *Neumeyer Unemployment Compensation Case,* 187 Pa. Superior Ct. 321, 144 A. 2d 606 (1958). This case held that a duty is imposed on the Pennsylvania compensation authorities by the federal statute and the agreement executed thereunder, to accept as

final and conclusive the findings of the federal employing agency with respect to whether the claimant has performed federal services, the amount of remuneration for such services, and the reasons for termination of such services. It further held that there is no reason for the compensation authorities to accept any of the evidence with regard to the above matters; and the claimant's right to be heard and to contest the correctness of them must be established under federal laws, before federal authorities.

The findings submitted by the federal employing agency appear in the record as Item No. 3 and read as follows: "Mr. David T. Johnson was removed from the rolls of the Aviation Supply office on 25 August 1961 for conduct unbecoming a government employee and his past record of delinquency. The charge of conduct unbecoming a government employee was based on his failure to honor his just debts. This was his second infraction of this offense. He had previously been warned of this matter and given ample time to straighten out his affairs. Because of his failure to do so, the above action was taken."

His past record of delinquencies included "On March 1, 1960, appellant received a written reprimand for careless workmanship resulting in the waste of materials and delay in production . . . On April 18, 1960, appellant had been suspended for five days for insubordination."

The Board found that his services were terminated for conduct unbecoming a government employee which was based on his failure to honor his just debts; that the claimant had previously been warned of this matter and was given ample time to straighten out his affairs; and that he had been suspended for five days on a charge of wasting government materials.

The Board is bound to accept the findings of the federal authorities that he was discharged (1) for fail-

ure to honor his just debts after a warning and (2) for prior delinquencies consisting of a five-day suspension for wasting government materials and a written reprimand for careless workmanship. The only question remaining is whether the failure to honor his just debts and the other delinquencies measure up to the definition of willful misconduct under Pennsylvania law. "If an employe shows a conscious indifference to the duty owed his employer, he may be discharged for 'willful misconduct' and will be denied compensation." *Neumeyer Unemployment Compensation Case,* supra, at page 330. We believe that the prior delinquencies, standing alone, are not of such serious nature as to warrant discharge but are a part of this claimant's history of employment that moved the authorities, when faced with his continued violation of a company policy or rule, after a warning, to direct his dismissal.

Navy Civilian Personnel Instruction 750. 9-4. a., reads as follows: "The Department of the Navy expects its employees to pay their just debts and maintain a reputation in the community for honoring their obligations. Failure of an employee to honor his just debts without good cause may reflect on his suitability for continued naval employment to such extent that disciplinary action, including removal from the service may be necessary. In determining whether disciplinary action is required, all the facts and circumstances of the case, including the individual's employment history, shall be taken into consideration. Disciplinary action may be taken whenever the indebtedness reflects so unfavorably on the employee's suitability for Federal service as to make disciplining him necessary. Disciplinary action may not be taken merely on the grounds that the employee has incurred indebtedness."

Under ordinary circumstances conduct of a claimant not connected with his employment does not constitute willful misconduct but in circumstances where,

because of the nature of the employment, rules of conduct are required that may not be connected directly with the employment, the violation of such rules may constitute willful misconduct. Certain institutions, such as banks and other financial institutions may well require their employees to honor their just debts and violations of such rules would so reflect on such institutions as would constitute willful misconduct. Violation of a company rule constitutes willful misconduct. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886 (1951); *Allen Unemployment Compensation Case,* 168 Pa. Superior Ct. 295, 77 A. 2d 889 (1951).

There are various rules that are reasonable employment requirements that prohibit or require the doing of certain acts by employees not directly connected with the employment. Prohibition of drinking intoxicants by employees fall within that category. *Heib Unemployment Compensation Case,* 197 Pa. Superior Ct. 389, 178 A. 2d 812 (1962).

The Navy Department feels that a failure to discharge just debts by its civilian employees may reflect not only on the good name of the armed services and affect public relations but that "it may reflect on his suitability for continued naval employment." Here, although warned to correct his problem on January 9, 1961, and despite the reprimand at that time, which, in itself, called to his attention the rule, he still made no effort to comply and so was discharged on June 30, 1961. The rule of the department concerning debts of its personnel was a reasonable one and its violation constitutes willful misconduct under the Pennsylvania law.

Decision affirmed.