Zook Unemployment Compensation Case.

Argued March 11, 1963.   Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Donald R. Zook,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with
him *Walter E. Alessandroni,* Attorney General, for
Unemployment Compensation Board of Review, ap-
pellee.

OPINION BY MONTGOMERY, J., March 19, 1963:

Appellant was last employed by the United States
Government as an instrument overhaul helper at the
Olmsted Air Force Base, Middletown, Pennsylvania,
for approximately forty months.   He voluntarily re-
signed from his job when his employer advised him
that he must choose between continuing his employ-
ment or his education.   He was simultaneously at-
tending evening classes at the Penn State University
Center, Harrisburg, Pennsylvania, when he was ad-
vised that he had to work a rotating shift which made
it impossible for him to continue his schooling.   The
appellant contends that his rights have been violated
for several reasons, chiefly, that other employes with
the same skills and pay rates were permitted to ar-
range their work schedule so that they could attend
classes.

Under the Federal Social Security Act amendment
of September 1, 1954, 68 Stat. §§1131-1135, 42 U.S.C.A.
§§1362-1370, enabling the unemployment compensa-

416

tion authorities of the various states to act as agents of the federal government in extending unemployment compensation benefits to covered federal employes, the Pennsylvania compensation authorities are required to accept as final and conclusive the findings of the federal employing agency with respect to whether the claimant has performed federal service, the amount of remuneration for such service, and the reasons for termination of such service. *Neumeyer Unemployment Compensation Case,* 187 Pa. Superior Ct. 321, 144 A. 2d 606.

Here the report of the federal agency and the testimony clearly discloses that the appellant chose to pursue his education rather than his federal employment, and duly submitted his resignation. Such reason is not of a necessitous and compelling nature as required by the law and he is therefore ineligible for benefits under §402(b)(1) of the Unemployment Compensation Law.

Appellant's argument that the applicable provisions of the Social Security Act are unconstitutional is irrelevant to this proceeding and his right to question the constitutionality of this section must be raised before federal authorities under federal law. *Johnson Unemployment Compensation Case,* 199 Pa. Superior Ct. 194, 184 A. 2d 134.

Decision affirmed.