Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* William J. Van Travis, Appellant.

Argued March 5, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Beverly A. Nelson,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, March 30, 1976:

Appellant worked as an electrical welder at the Philadelphia Naval Shipyard for over thirty-three years until March 21, 1975, at which time the results of a hearing examination disclosed appellant had lost total hearing in his right ear and forty percent of frequency hearing in his left ear. Due to the noise accompanying his position, appellant was unable to continue as a welder.

On March 23, 1975, appellant filed an application for benefits with the Bureau of Employment Security (Bureau). The Bureau rejected appellant's claim on the basis of his voluntary termination of employment and medical unavailabilty for work. In evaluating the claim, the Bureau sent inquiries to appellant's employer, Department of the Navy, the answers to which are reflected in the following findings of fact by the referee:

"3. Form ES-931—Request for Wage and Separation Information—UCFE, furnished by the Federal Installation, gave as the reason for separation as follows:

'Disability retirement. It was found upon medical examination that the claimant was not able to perform the full duties of his rate. He stated that he did not desire placement in a

position more compatible with his physical disabilities.'

"4. Form ES-934—Request for Information or Reconsideration of Federal Findings, UCFE, returned by the Federal Installation, in response to the following questions:

1. Please explain: 'He stated that he did not desire placement in a position more compatible with his physical disabilities.' The claimant has stated he was not offered a specific position. That he was placed on a number of 'List which were nonproductive.' He was unable to get specific definition on Compatible positions.

2. Did he refuse a suitable job offer?

3. Was his retirement voluntary as opposed to Involuntary Retirement?

4. What is his pension to be per month?

Replied:

'Mr. Van Travis elected not to be considered for any other employment at the Philadelphia Naval Shipyard, therefore there was no specific job offer. Had he elected placement in his own grade or placement at any grade an attempt to place him would have been made at that time. His retirement was voluntary. The final computation on his annuity will come to Mr. Van Travis from the Civil Service Commission in Washington, D. C.' "

The referee found appellant available for work where there is not a considerable amount of noise. However, accepting the facts as related by the Department of the Navy, the referee disqualified appellant on the basis of a voluntary termination of employment without cause of a necessitous and compelling reason, Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P. S. §802(b)(1). The Unemployment Compensation Board of Review affirmed the determination of the referee and the instant appeal followed.

Appellant contends that the record fails to support findings of fact 3 and 4, set forth above. Findings of fact supplied by a federal employing agency are conclusive for purposes of ascertaining eligibility of an unemployment separation, 5 U.S.C. §8506(a). *Cf. Zook Unemployment Compensation Case,* 200 Pa. Superior Ct. 414, 188 A.2d 783 (1963); *Neumeyer Unemployment Compensation Case,* 187 Pa. Superior Ct. 321, 144 A.2d 606 (1958). A claimant aggrieved by such findings must follow the appeal procedure of the federal government for review of the findings, but failing to do so, may not collaterally attack the findings in review of an unemployment compensation claim.

Appellant also asserts that his reason for termination was necessitous and compelling. While it is true that appellant could not continue as a welder due to hearing defects, it is also true that he rejected an offer from his employer to attempt to transfer him to a suitable position compatible with his medical condition. Thus, appellant deliberately foreclosed efforts by his employer to continue the employment relationship.

Accordingly, we enter the following

ORDER

Now, March 30, 1976, the order of the Unemployment Compensation Board of Review, dated August 7, 1975, denying benefits to William J. Van Travis, is affirmed.