Richard E. Sharvy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1978, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Richard Sharvy*, petitioner, for himself.

*Michael Klein*, Assistant Attorney General, with him *Gerald Gornish*, Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., May 11, 1979:

The sole issue raised by this petition for review is whether a fellowship grant in the amount of $11,250 paid to Richard Sharvy by the National Endowment for the Humanities (NEH), a federal governmental agency, constitutes "wages" within the meaning of Section 4(x) of the Unemployment Compensation Law (Act).[1] The Unemployment Compensation Board of Review affirmed a referee's determination that such a fellowship award payment was not wages within the meaning of the Act. We affirm.

Sharvy had been employed by Swarthmore College as a researcher from October, 1972 until mid-April, 1973, at a salary of $250 per month. On February 10, 1974, Sharvy applied to the Bureau of Employment Security (Bureau) for unemployment benefits which

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §753(x).

were awarded for the base year consisting of last quarter of 1972 and the first three quarters of 1973. The amount of Sharvy's compensation benefits was computed solely on the basis of his salary from Swarthmore and determined to be $32.00 per week. During the same period of time he was employed by Swarthmore, Sharvy was the recipient of a fellowship award from NEH in the amount of $1,250 per month in return for which he filed a report on research performed in the fields of semantics and music theory.

It is Sharvy's contention that the Bureau improperly excluded the fellowship award from his base year wages when computing the amount of benefits he was eligible to receive and further argues that his contention is supported by the fact that the Internal Revenue Service (IRS) has declared amounts received from an NEH fellowship grant taxable as compensation for services includable in gross income.

In determining whether the amounts at issue in this litigation are wages, we must look to the definition of "wages" found in subsection (x) of Section 4 of the Act which provides in pertinent part: " 'Wages' means all remuneration (including the cash value of mediums of payment other than cash) paid by an employer to an individual with respect to his employment. . . ." The issue is thus whether the scholarship grant represented "remuneration" under Section 4(x) of the Act and whether or not such payments are taxable by the IRS as gross income is not controlling in the determination. The terms "income" and "wages" obviously are not synonymous. Section 61(a) of the Internal Revenue Code of 1954 (Code)[2] defines gross income as "all income from whatever source derived" including, under Section 61(a)(1) "[c]ompensation for services." Thus, income is an all-encompassing term and many items which qualify

---

[2] 26 U.S.C. §61(a).

as income are clearly not wages, *i.e.*, interest, rent and dividends. Sharvy's contentions on this appeal would render nugatory any distinction between the two.

Under federal law[3] unemployment compensation authorities of the states are empowered to act as agents of the federal government in extending benefits to covered federal employees. In order to determine a federal civilian employee's eligibility for benefits, Pennsylvania requires that the federal agency employer complete a form entitled "Pa. Request for Wage and Separation Information." Among the questions required to be answered and submitted to the state are whether or not the federal employee has performed federal services and, if so, the amount of wages received from such service. In the instant case, completion of the form by NEH indicated that Sharvy did not perform federal civilian service in return for his fellowship grant and had not earned any wages. Under Chapter 85 of Title 5 of the U.S. Code §8506 (a), Pennsylvania compensation authorities are required to accept as final and conclusive the findings of the federal employing agency with respect to whether a claimant has performed federal service and the amount of remuneration for such service.[4] *See Zook Unemployment Compensation Case*, 200 Pa. Superior Ct. 414, 188 A.2d 783 (1963).

We conclude, therefore, that the Bureau was bound by the information supplied by the federal agency that the payments in question did not constitute wages within the meaning of the Act and that the Board

---

[3] *See* Title 5, Chapter 85 of the U.S. Code.

[4] An amendment deleting the provision of 5 U.S.C. §8506 regarding the conclusiveness and finality of a federal agency's findings upon a state agency became effective October 20, 1976, with respect to findings made after that date. It is, therefore, inapplicable to the case at bar.

acted properly in affirming the Bureau's exclusion of the fellowship from Sharvy's base year wages.

Accordingly, we

### ORDER

AND Now, this 11th day of May, 1979, the decision of the Unemployment Compensation Board of Review numbered B-137058, dated November 19, 1976, is hereby affirmed.