Anita L. Bercilosky, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*John L. Walder,* for appellant.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 10, 1980:

Anita L. Bercilosky has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying Ms. Bercilosky unemployment compensation benefits on the ground that she voluntarily left her employment without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation

Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). We reverse.

Ms. Bercilosky had been employed by Norristown State Hospital for three and one-half years as a psychiatric aide. This work required her to lift bedridden patients. She began to have back pains and took an extended sick leave effective September 30, 1978. On November 15, 1978, while on leave, Ms. Bercilosky was involved in an automobile accident which aggravated her back condition. Her physician later told her that she should not resume work and that she should have physical therapy. The therapy was expected to last one month. Ms. Bercilosky told the Hospital of these developments. She was offered a one month leave of absence, after which she could return to work at the Hospital upon her release by her physician. Ms. Bercilosky would not accept the leave of absence and, on November 19, 1978, resigned from her employment with the Hospital.

The Office of Employment Security granted Ms. Bercilosky unemployment compensation benefits. The Hospital appealed and a hearing was held before a referee. The referee concluded that although Ms. Bercilosky's medical condition was substantiated, her refusal to accept the leave of absence evidenced a failure on her part to preserve the employment relationship. The referee held that Ms. Bercilosky did not have cause of a necessitous and compelling nature for terminating her employment and therefore denied benefits. The Board, adopting the referee's findings of fact, affirmed.

Ms. Bercilosky contends that the Board erred in concluding that her refusal to accept a leave of absence negated the existence of a necessitous and compelling cause for her resignation. Ms. Bercilosky first says that the Board's finding that the Hospital "offered the

claimant a one month leave of absence with the promise to discuss alternate jobs at the expiration of this leave'' is unsupported by the record. We agree. While a Hospital representative testified that the Hospital policy included the provision for a discussion of alternatives upon the expiration of an employee's leave, when indicated, there is no evidence in the record that a discussion of this sort was offered or suggested to Ms. Bercilosky. Therefore, the finding that she was promised a discussion of job alternatives must be rejected. Ms. Bercilosky then argues that the Board capriciously disregarded competent evidence when it failed to find that her leave of absence was conditioned upon her returning to work as a psychiatric aide only, thus putting her back in the job which originally caused her back problem. Again, we agree. The testimony before the referee shows that Ms. Bercilosky was told that she would have to return to her position as a psychiatric aide upon the expiration of her leave. The Hospital's representative at the referee's hearing explained that Hospital policy required that a person taking a leave of absence return under the same job title that he or she had when embarking upon leave and that, once having returned, discussion of alternative positions could commence.

Ms. Bercilosky also contends that the Board erred in finding as fact that she did not request other work compatible with her physical ability. In our review of the record, we have found no evidence whatsoever to support this finding. The uncontroverted evidence in the record shows that Ms. Bercilosky had requested a transfer to another position on two occasions prior to her resignation.

Finally, shaping the parts of her argument into a whole, Ms. Bercilosky claims that the fact that she was told that she would have to return after her leave to the position of psychiatric aide, the duties of which she

could not perform, justified her refusal to accept the leave and her resignation. This argument is well taken. An employee may be ineligible for unemployment compensation benefits if she rejects an offer of continuing work of a suitable nature. *See Unemployment Compensation Board of Review v. Van Travis,* 24 Pa. Commonwealth Ct. 180, 183, 354 A.2d 9, 11 (1976). The leave of absence and the work offered by the Hospital to Ms. Bercilosky did not constitute suitable work, because it was shown that Ms. Bercilosky, due to her physical limitations, would not be able to perform that work. Thus Ms. Bercilosky, presented only with the opportunity to return to unsuitable work, had "no real choice but to leave [her] employment." *Unemployment Compensation Board of Review v. Kapsch,* 18 Pa. Commonwealth Ct. 456, 459, 336 A.2d 652, 653 (1975). The Board therefore erred in concluding that Ms. Bercilosky voluntarily left work without cause of a necessitous and compelling nature.

### Order

And Now, this 10th day of October, 1980, the order of the Unemployment Compensation Board of Review denying unemployment compensation benefits to Anita L. Bercilosky is reversed. Judgment is entered in favor of Anita L. Bercilosky and the case is remanded to the Board for a calculation of benefits.