521 A.2d 539

Denise Ann Azzari, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 3, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lorraine D. Taylor,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, March 2, 1987:

In this unemployment compensation case, Denise Ann Azzari, Claimant, appeals here an order of the Unemployment Compensation Board of Review (Board) denying her unemployment compensation benefits. The Board found she was discharged for willful misconduct rendering her ineligible for benefits pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant was last employed as a dance instructor by Point Park College (College) earning $12.00 per hour. In 1979 while a student at the College, prior to her hire in 1980, she obtained a federally-guaranteed student loan through the College to finance her education. In early 1983 she defaulted on her student loan and was warned by the College in letters dated November 30,

1983, and March 14, 1984, to set up a repayment schedule or her job would be jeopardized. The College has a policy of requiring employees who have defaulted on student loans taken out at the College to establish repayment schedules. Claimant refused to enter into a repayment schedule and the College discharged her as of June 23, 1984. The Board found her violation of the College's policy on repayment of student loans constituted willful misconduct within the meaning of 43 P.S. §802(e) and denied her application for benefits. Appeal to this Court followed.

In this appeal, Claimant argues that: (1) her refusasl to establish a repayment schedule did not constitute willful misconduct; and (2) even if her refusal constitutes willful misconduct, she had good cause for refusing to comply with the policy so as to render her eligible for benefits. We address these issues in the order stated, ever mindful that our limited scope of review under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, requires us to affirm the Board unless necessary findings lack support by substantial evidence, an error of law was committed, or a constitutional right of the Claimant was violated. *Estate of McGovern v. State Employees' Retirement System,* 512 Pa. 377, 517 A.2d 523 (1986); *Saxton v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 636, 455 A.2d 765 (1983).

Claimant initially contends the College's policy regarding the repayment of defaulted student loans by employees is not sufficiently work-related such that her violation of that policy does not constitute "willful misconduct" as used in Section 402(e) of the Law, 43 P.S. §802(e). In so arguing, she concedes the College has such a policy, she was aware of it, was warned of the consequences of a violation, and consciously refused to comply. Brief for Claimant at 3-6.

We initially recognize, as must Claimant, that an employee's conscious violation of a rule or policy of the employer ordinarily constitutes willful misconduct within the meaning of Section 402(e) of the Law so long as the employer's rule or policy is reasonable. *See Elliott v. Unemployment Compensation Board of Review,* 82 Pa. Commonwealth Ct. 104, 474 A.2d 735 (1984); *Johnson v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 469, 422 A.2d 1361 (1980). Our appellate courts have in the past recognized that some types of employers may reasonably require their employees to honor their just debts. In *Johnson v. Unemployment Compensation Board of Review,* 199 Pa. Superior Ct. 194, 184 A.2d 134 (1962), the Superior Court upheld as reasonable a Navy Department policy requiring its civilian employees to honor their just debts. The Court found the policy furthered and protected the employer's interests in that failure to discharge just debts by its civilian employees reflected unfavorably upon the good name of the armed forces and also affected public relations. *Id.* at 199, 184 A.2d at 134. In *Johnson,* the Superior Court also opined that other institutions, such as banks and financial institutions, could reasonably require their employees to honor their just debts and violations of such rules would so adversely reflect upon those institutions as to constitute willful misconduct within the meaning of Section 402(e) of the Law, 43 P.S. §802(e). *Id.* We also take judicial notice of the fact that the federal government requires its active duty members of the armed forces to honor their just debts and that military members may be discharged or court-martialed for a dishonorable failure to pay their just debts. *See e.g.* Article 134 Uniform Code of Military Justice, 10 U.S.C. §934; Air Force Regulation 35-18; *United States v. Bilbo,* 9 M.J. 800 (N.C.M.R. 1980); *United States v. Gibson,* 1 M.J. 714 (A.F.C.M.R. 1975).

In the instant case, the College has a policy requiring its employees to set up repayment schedules for defaulted student loans the employees obtained through the College. Claimant obtained such a loan through the National Direct Student Loan (NDSL) Program in which the College is an eligible lending institution. The NDSL Program is one of the student loan programs established by Congress under the Higher Education Act of 1965, 20 U.S.C. §§1071-1089. The College, as an eligible lending institution, is required by statute to act diligently in collecting monies loaned to students under the NDSL Program. *See* 20 U.S.C. §§1080, 1087aa-1087ii; 34 C.F.R. §§674.1-.59. If the federal government determines the College is not diligent in collecting NDSL loans, the College may be disqualified from further participation in the federal student loan program. *See* U.S.C. §1080(d). Thus, the College's policy requiring employees who have defaulted on their student loans to set up a repayment schedule is reasonable and directly related to the employer's interests. When she refused to comply with that policy by refusing to cooperate with the College in setting up such a repayment schedule, Claimant was guilty of willful misconduct within the purview of Section 402(e) of the Law, 43 P.S. §802(e).

Claimant's alternative argument is that she had good cause for her failure to comply with the College's student loan policy. Of course, an employee who is otherwise guilty of willful misconduct may still be eligible for benefits if the employee has good cause for violating the rule or policy in question. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). Claimant contends her tragic family circumstance coupled with her confusion as to what the College required constitute sufficient justification for her refusal to make a repayment schedule. We respectfully disagree.

Claimant presented testimony of both her father and herself regarding family demands upon her income. A family decision was made, she asserts, to forego making payments on her student loan so her income could be used for the family bills. The family circumstances relied upon by Claimant are her mother's illness and her father's loss of work.

While we acknowledge and sympathize with Claimant's family financial difficulties, they do not provide sufficient justification for her refusal to work with the College in setting up a repayment schedule. The purpose of setting up a repayment schedule was for the College and Claimant to establish a monthly payment plan taking into account the other demands on her income. It is essentially an act of good faith by both the lender and the borrower. The College policy did not require its employees to pay any set amount or percentage of the defaulted loans, rather all that was required was for the employee who was in default to work with the Student Accounts Office to make up a repayment schedule consistent with the employee's budget. The College did not require Claimant to make her full monthly loan payment of $90.00 in order to keep her job, all that was required of her was a show of good faith in working with the Student Accounts Office in working out a repayment schedule consistent with her new financial circumstances. Claimant refused to agree to any repayment schedule whatsoever which would require her to pay a minimum monthly amount to show her good faith and to the contrary was uncooperative and impolite in her dealings with the College's Student Accounts Office. She unilaterally stopped making her monthly loan payments and refused to consider making any payments whatsoever. Thus, while Claimant may have had good cause to no longer pay her full $90.00 monthly student loan payment, that did not excuse her

from cooperating with the College in working out a repayment plan consistent with her present financial circumstances. On the above basis, we conclude Claimant did not have good cause for her refusal to comply with the College's policy on defaulted student loans and is ineligible for benefits.

Having disposed of Claimant's contentions in favor of the Board, we affirm the Board's order denying benefits.

## ORDER

NOW, March 2, 1987, the Order of the Unemployment Compensation Board of Review, at Decision No. B-237357, dated January 9, 1985, is hereby affirmed.