Christos T. SPIROPOULOS, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 6, 1995.

Decided Feb. 7, 1995.

Dennis P. Denard, for petitioner.

Michael D. Jones, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Christos T. Spiropoulos (Claimant) appeals from the order of the Unemployment Compensation Board of Review (UCBR) that denied Claimant unemployment compensation benefits on the grounds of willful misconduct. We affirm.

Claimant worked as a shift commander for the Bucks County Prison (Employer). At several points during his last year of employment, Claimant became concerned over what he perceived as due process violations of inmates' rights. (UCBR Finding of Fact (F.F.) 2.) Claimant wrote to the warden regarding his concerns and received a response which Claimant deemed inappropriate and incomplete. (F.F. 3 and 4.) Claimant then made copies of confidential inmate records and provided these documents to the Pennsylvania Prison Society without authorization from either the inmates or Employer. (F.F. 5 and 6.) Employer's policy precludes the disclosure of confidential information with termination of employment a consequence of such violation. (F.F. 8.)

On July 23, 1992, the warden ordered Claimant to report to his office. Claimant went to the warden's office; however, he did not wait for the warden who was temporarily out of his office. (F.F. 11.) On July 27, 1992, the warden ordered Claimant to telephone him prior to the start of his shift. Claimant failed to do so. (F.F. 12.) Because of these two acts of alleged insubordination, the Employee Review Board convened a disciplinary hearing.

Claimant then contacted the President Judge of Bucks County, alleging that certain testimony of the disciplinary hearing had been omitted from the official hearing record.[1] The President Judge requested that the warden conduct an internal investigation regarding the alleged incomplete hearing record. During the course of the warden's investigation, he discovered that Claimant had provided confidential inmate records to the Pennsylvania Prison Society.

On August 12, 1992, Employer dismissed Claimant for: 1) direct disobedience of the warden's orders of July 23 and July 27, 1992; 2) dishonesty in his allegations that the hearing record tape was incomplete; and 3) the unauthorized release of confidential documents.

Following the remand from this Court,[2] the UCBR found that Claimant had engaged in acts amounting to willful misconduct, including, the failure to wait in the warden's office, failure to telephone the warden and the release of confidential inmate records to the Pennsylvania Prison Society.

Claimant now argues on appeal[3] that the UCBR's findings of fact are not supported by substantial evidence and that the UCBR erred as a matter of law in holding that his actions rose to a level of willful misconduct because he had good cause for violating Employer's rules and was protected by the Whistle Blower Act, 43 Pa.S. §§ 1421–1428.

First, Claimant argues that the UCBR's findings of fact are not supported by substantial evidence because he did not fail to follow orders. Claimant attempts to explain why he did not wait to see the warden on July 23, 1992, or telephone the warden prior to the start of his shift on July 27, 1992. However, a review of Employer's version of the facts does support the UCBR's findings that Claimant did not follow the warden's orders.

■ As the finder of fact in unemployment compensation cases, the UCBR has the responsibility to determine the weight to be given the evidence and the credibility to be afforded witnesses. *Borello v. Unemployment Compensation Board of Review*, 490 Pa. 607, 417 A.2d 205 (1980). The UCBR's findings are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence[4] to support those findings. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). The UCBR resolved credibility determinations in favor of Employer and against Claimant. Because substantial evidence supports the UCBR's credibility determinations, we hold that the UCBR's findings of fact are supported by substantial evidence.

Next, Claimant argues that the UCBR erred in holding that his actions were tanta-

---

**1.** It appears that Claimant may have had his own tape recording of the hearing which the warden had requested. Claimant never produced such tape and the record is devoid of evidence of its actual existence.

**2.** The Job Center initially found Claimant eligible for benefits. Employer appealed and following a hearing before the referee, Claimant was denied benefits on the basis of willful misconduct. The UCBR reversed on the basis that it found the *last act* giving rise to Claimant's discharge was not the release of confidential documents, which it thus refused to consider, but failure to produce "a tape," following an informal request by the warden. The UCBR found Claimant did not have the tape in his possession and thus, his actions did not rise to the level of willful misconduct. On appeal, this Court remanded to the UCBR ordering it to consider the issue of Claimant's release of confidential inmate documents.

**3.** Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

**4.** Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ryan v. Unemployment Compensation Board of Review*, 120 Pa.Commonwealth Ct. 80, 547 A.2d 1283 (1988).

mount to willful misconduct because he had permission from the inmates to release the confidential information and he was protected under the Whistle Blower Act.

■■■■ Under Pennsylvania Law, an employee is ineligible for unemployment benefits if his unemployment is due to discharge from work for willful misconduct connected with his work. Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). The question of whether a claimant's action rises to a level of willful misconduct is a question of law to be determined by this Court. *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978). Although not defined by statute, willful misconduct can be shown by a deliberate violation of an employer's rules. The burden of proving willful misconduct for violation of an employer rule is on the employer. *Hartman v. Unemployment Compensation Board of Review,* 71 Pa.Commonwealth Ct. 628, 455 A.2d 756 (1983). Once an employer has shown that the employee violated a work rule, the employee may show that his conduct was justified. *Kalenevitch v. Unemployment Compensation Board of Review,* 109 Pa.Commonwealth Ct. 549, 531 A.2d 590 (1987).

■■■■ Claimant violated Employer's rule when he released the confidential inmate records.[5] However, Claimant alleges that his actions in releasing the confidential documents were protected under the Whistle Blower Act. Thus, we must consider whether Claimant's actions in releasing the confidential documents were protected by the Whistle Blower Act. While the record does not show that Claimant raised this issue specifically before the UCBR, the UCBR did make a finding that demonstrates it considered this issue. This pertinent finding states that the Pennsylvania Prison Society is a private advocacy group and not a government agency. (F.F. 7.) Section 1422 of the Whistle Blower Act protects only communications to, or testimony before, certain "governmental agencies." 43 Pa.C.S. § 1422.

Thus, Claimant's release of documents to the private advocacy group is not protected. Even assuming that Claimant was acting for what he perceived to be legitimate concerns about inmates' rights, an employee's belief that his actions are justified or required to comply with the law does not constitute good cause. *Azzari v. Unemployment Compensation Board of Review,* 104 Pa.Commonwealth Ct. 254, 521 A.2d 539 (1987); *Simpson v. Unemployment Compensation Board of Review,* 69 Pa.Commonwealth Ct. 120, 450 A.2d 305 (1982); *Mitsch v. Unemployment Compensation Board of Review,* 53 Pa.Commonwealth Ct. 547, 417 A.2d 1347 (1980). Had Claimant's actions been protected under the Whistle Blower Act, which they were not, the UCBR's finding that Claimant had been insubordinate alone supports the denial of benefits for willful misconduct.

Accordingly, we affirm.

### *ORDER*

AND NOW, this 7th day of February, 1995, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

5. The UCBR found that Claimant did not have the inmate's authorization as claimed. (F.F. 6.)