IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Asia L. Shannon,                          :
                    Petitioner            :
                                          :
            v.                            :
                                          :
Unemployment Compensation                 :
Board of Review,                          :      No. 1896 C.D. 2017
                    Respondent            :      Submitted:  April 20, 2018


BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED:  June 4, 2018


            Asia L. Shannon (Claimant) petitions *pro se* for review of the
November 15, 2017 order of the Unemployment Compensation Board of Review
(Board) that affirmed the referee's decision finding Claimant ineligible for benefits
under Section 402(b) of the Unemployment Compensation Law (Law),[1] which
provides that a claimant shall be ineligible for benefits in any week in which her
unemployment is due to voluntarily leaving work without cause of a necessitous and
compelling nature.  We affirm.

## I. Background

            Claimant worked as a manager for Pittsburgh Job Corps Center
(Employer) from April 17, 2008 through July 27, 2017.  Board's Findings of Fact

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(b).

(F.F.) No. 1; Notes of Testimony (N.T.) 9/21/2017 at 2. During the time she worked for Employer, Claimant attended graduate school to pursue a degree that would allow her to become a counselor. F.F. Nos. 2 & 3; N.T. 9/21/2017 at 2. After completing her course work,[2] as part of her program and to obtain her degree, Claimant needed to complete an internship consisting of 15 weeks of unpaid field work.[3] F.F. Nos. 3, 4 & 6; N.T. 9/21/2017 at 3-4. Claimant began her internship with the Fox Chapel School District as a school counselor with the hope of obtaining field-specific employment. F.F. Nos. 5 & 6; N.T. 9/21/2017 at 3. Because the hours of Claimant's internship conflicted with her job at Employer,[4] Claimant resigned her position with Employer effective July 27, 2017.[5] F.F. No. 7; N.T. 9/21/2017 at 3-4. Claimant explained that she intended to rely on her parents for support during the internship period. N.T. 9/21/2017 at 5.

After leaving her position, Claimant applied for unemployment compensation (UC) benefits, which the UC Service Center denied pursuant to Section 402(b) of the Law. Claimant timely appealed to a referee, who conducted a hearing. *See* N.T. 9/21/2017 at 1-6. At the hearing, Claimant proceeded *pro se* and testified on her own behalf. *Id.* Employer presented the testimony of its human

---

[2] Claimant's course work never interfered with her employment because all her classes were evening classes. N.T. 9/21/2017 at 4.

[3] Claimant explained that the field work requirement is part of her graduate program. N.T. 9/21/2017 at 4. The field work portion of the program begins once students complete the course work. *Id.* During this portion of the program, students meet with faculty for supervision purposes only. *Id.* To obtain their degrees, students must complete the field work. *Id.*; F.F. No. 4.

[4] Claimant understood alternative hours were available to her at Employer, but felt that such hours would be either not feasible or not monetarily viable. N.T. 9/21/2017 at 3 & 5.

[5] Claimant did not seek a leave of absence from Employer. F.F. No. 8; N.T. 9/21/2017 at 3.

2

resources coordinator. *Id.* Based on the testimony and other evidence presented,[6] the referee determined that Claimant voluntarily quit her job with Employer to pursue education-related opportunities. *See* Referee's Decision/Order, September 26, 2017 at 2. Therefore, the referee concluded that Claimant was ineligible for UC benefits under Section 402(b) of the Law. *Id.*

Claimant appealed to the Board. The Board entered findings of fact significantly similar to those entered by the referee and ultimately affirmed the referee's determination that Claimant was ineligible for UC benefits under Section 402(b) of the Law because she quit her job with Employer to pursue educational requirements to become a counselor. *See* Board Decision & Order, November 15, 2017 (Board Decision) at 1-2. Claimant then petitioned this Court for review.[7]

## II. Issues

Claimant contends that the Board erred in affirming the referee's determination that Claimant was ineligible for UC benefits under Section 402(b) of the Law.[8] *See* Claimant's Brief at 6-7, 9-11. Claimant is not entitled to relief.

---

[6] Prior to taking testimony, the referee entered into evidence without objection documents relevant to Claimant's UC benefits application, including an employer questionnaire, Claimant's resignation letter, claim records, the UC Service Center determination, and Claimant's appeal documents. *See* N.T. 9/21/2017 at 1-2.

[7] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[8] Claimant's Statement of Questions Involved states her claims as follows:

> 1. Did the claimant voluntarily leave her employment to attend school Section []402 (b) [sic]?

3

### III. Discussion

Initially, we note:

> the Board, not the referee, is the ultimate fact finding body and arbiter of credibility in UC cases. Questions of credibility and the resolution of evidentiary conflicts are within the discretion of the Board and are not subject to re-evaluation on judicial review. The Board . . . may reject even uncontradicted testimony if it is deemed not credible or worthy of belief. We are bound by the Board's findings so long as there is substantial evidence in the record, taken as a whole, supporting those findings.

*Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Review*, 173 A.3d 1224, 1227–28 (Pa. Cmwlth. 2017) (internal citations, quotations, and brackets omitted).

Section 402(b) of the Law provides that an employee will be ineligible for UC benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b). "A necessitous and compelling cause for voluntarily leaving employment is one that results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Pennsylvania Gaming Control Bd. v. Unemployment Comp. Bd. of Review*, 47 A.3d 1262, 1265 (Pa. Cmwlth. 2012) (internal quotations and citation omitted). "Whether a claimant had

---

2. Has the claimant shown cause of a necessitous and compelling nature (Section 402(b)[)] for voluntarily leaving her place of employment?

3. Did the claimant take the necessary steps to avoid having to leave her employment?

Claimant's Brief at 6.

cause of a necessitous and compelling nature for leaving work is a question of law subject to this Court's review." *Id.*

"A claimant who voluntarily terminates his employment has the burden of proving that a necessitous and compelling cause existed." *Solar Innovations, Inc. v. Unemployment Comp. Bd. of Review*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012). Employees who claim to have left their employ for a necessitous and compelling reason must prove:

> (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment.

*Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review,* 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

"The unemployment compensation laws were enacted by the legislature to protect employed persons who become unemployed through no fault of their own." *Evans, Portnoy & Quinn v. Unemployment Comp. Bd. of Review*, 665 A.2d 548, 552 (Pa. Cmwlth. 1995). "The Law was not intended to subsidize college students who are working their way through school." *Earnest v. Unemployment Comp. Bd. of Review*, 30 A.3d 1249, 1256 (Pa. Cmwlth. 2011); *see also Rodriguez v. Unemployment Comp. Bd. of Review*, 174 A.3d 1158, 1165 (Pa. Cmwlth. 2017), *reargument denied* (Nov. 8, 2017) ("it is not the purpose of unemployment compensation to be a vehicle through which a family may finance a voluntary change of career"). As a result, Pennsylvania courts have long held that "leaving employment in order to further one's education does not constitute necessitous and

compelling cause" to be eligible for UC benefits under Section 402(b) of the Law. *Earnest*, 30 A.3d at 1256; *see also Zook v. Unemployment Comp. Bd. of Review*, 188 A.2d 783, 784 (Pa. Super. 1963); *see also Keisling v. Unemployment Comp. Bd. of Review*, 181 A.2d 717, 718 (Pa. Super. 1962) ("However praiseworthy we may consider the thirst for knowledge to be, it has become abundantly clear that leaving employment to further one's education does not constitute leaving work for a cause of necessitous and compelling nature under the provisions of § 402(b)[.]"); *Pelecovich v. Unemployment Comp. Bd. of Review*, 94 A.2d 154, 156 (Pa. Super. 1953) ("School attendance is a matter of personal choice rather than a necessity[.]").

As the prevailing party below, Employer is entitled to the benefit of all reasonable inferences to be drawn from the evidence on review. *See Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). Here, the evidence illustrated that, as part of an educational program Claimant was pursuing to become a counselor, Claimant needed to complete a 15-week unpaid internship in the field after completing her course work. The internship formed part of Claimant's educational program and was required to obtain her degree. Due to scheduling constraints, Claimant quit her job with Employer to complete the internship. Claimant did not take alternative shifts with Employer, nor did she ask for a leave of absence. Instead, Claimant intended to rely on her parents for support during the internship.

Based on this evidence, we conclude that substantial evidence existed to support the Board's necessary findings of fact that Claimant voluntarily quit her job to pursue her education and become a counselor. Because Claimant voluntarily quit her employment to pursue her education, the Board did not err in concluding that Claimant lacked cause of a necessitous and compelling nature to terminate her

6

employment. Accordingly, we affirm the Board's decision affirming the referee's determination that Claimant was ineligible for UC benefits under Section 402(b) of the Law.

_____

CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA


Asia L. Shannon,                                :
                    Petitioner                  :
                                                :
            v.                                  :
                                                :
Unemployment Compensation                       :
Board of Review,                                :       No. 1896 C.D. 2017
                    Respondent                  :


O R D E R


AND NOW, this 4th day of June, 2018, the order of the Unemployment

Compensation Board of Review dated November 15, 2017 is AFFIRMED.


_____
CHRISTINE FIZZANO CANNON, Judge